**Robert L. McLAURIN,**
**Plaintiff-Appellant,**

v.

**Josef E. FISCHER, and University of Cincinnati, Defendants-Appellees.**

**No. 84–3807.**

United States Court of Appeals,
Sixth Circuit.

Argued April 30, 1985.

Decided July 17, 1985.

Roger A. Weber, Taft, Stettinius & Hollister, Martin McHenry, Robert G. Stachler, J. Mack Swigert, argued, Cincinnati, Ohio, for plaintiff-appellant.

Robert A. Pitcairn, Jr., argued, James C. Cissell, argued, Cincinnati, Ohio, for defendants-appellees.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

Plaintiff-appellant Robert McLaurin, M.D., brought suit against defendants-appellees, Josef Fischer, M.D., and the University of Cincinnati, alleging that the defendants deprived him of a property interest without due process of law, see 42 U.S.C. § 1983 (1982), discriminated against him on the basis of age, see 29 U.S.C. §§ 621–634 (1982) (Age Discrimination in Employment Act); Ohio Rev.Code Ann. § 4112.02(N) (Page Supp.1984) (prohibition against discrimination based on age), and tortiously interfered with his business relations. The district court refused to exercise pendent jurisdiction over the state law causes of action and directed a verdict against Dr. McLaurin on the due process claim; a jury returned a verdict in the defendants' favor on the federal age discrimination claim.[1] Dr. McLaurin appeals

---

1. Before trial the district court granted the University of Cincinnati's motion to dismiss the due

process claim based on Eleventh Amendment immunity, the federal age discrimination claim

contending that the district court improperly directed a verdict on his due process claim, committed prejudicial error in its evidentiary rulings, gave incorrect jury instructions and erroneously refused to exercise pendent jurisdiction over the state law claims. We affirm in part and reverse in part.

Dr. McLaurin has a national reputation as a neurosurgeon and has been a tenured professor at the University of Cincinnati Medical School for over thirty years. The Medical School is divided into various departments with a chairman presiding over each department. The chairman of a department can subdivide the department into as many divisions as he deems necessary. In 1954, the Chairman of the Department of Surgery, Dr. William Altemeier, recommended that Dr. McLaurin be appointed as director of the Division of Neurosurgery. Subsequently, the Board of Trustees of the University of Cincinnati approved Dr. McLaurin's appointment. Upon Dr. Altemeier's retirement, defendant Dr. Josef Fischer took over as Chairman of the Department of Surgery.

Shortly after taking over as Chairman, Dr. Fischer became aware that problems existed within the Division of Neurosurgery. Consequently, in 1981, Dr. Fischer appointed a committee to review the division (the "review committee"). The review committee was composed of six local physicians and three outside neurosurgeons. After completing its investigation in 1982, the review committee issued a report which pointed out a number of deficiencies in Dr. McLaurin's management of the division and concluded that Dr. McLaurin should be encouraged to relinquish his position as director of neurosurgery while continuing his work as a professor.

In accordance with the recommendation of the review committee, Dr. Fischer removed Dr. McLaurin, who was then sixty years old, from his position and replaced him with a forty-five year old division director. Three months later, Dr. McLaurin filed a grievance against Dr. Fischer. The College of Medicine Grievance Committee (the "college grievance committee") held a hearing on the grievance and issued a report rejecting the grievance. The Dean of the College of Medicine affirmed the college grievance committee's determination and Dr. McLaurin appealed to the Faculty and Librarian's Grievance Committee (the "faculty grievance committee"). At the end of a three day hearing, the faculty grievance committee denied Dr. McLaurin's grievance. After exhausting his administrative remedies, Dr. McLaurin brought suit in United States District Court against Dr. Fischer and the University of Cincinnati.

As a preliminary matter, Dr. Fischer asserts that this Court lacks jurisdiction to review the dismissal of Dr. McLaurin's due process claim and the district court's refusal to exercise pendent jurisdiction over the state law claims because of appellant's failure to file a notice of appeal specifying the orders appealed from. In this case, appellant's notice of appeal refers solely to the district court's order which embodies the jury's verdict on the federal age discrimination claim; neither the directed verdict nor the dismissal of the state law claims are mentioned. Thus, according to appellee Fischer, Dr. McLaurin is precluded from raising these issues on appeal. We disagree.

■ Generally, a notice of appeal must "designate the judgment order or other part thereof" from which the party appeals. Fed.R.App.P. 3(c). Nevertheless, the law is well settled that an appeal from a final judgment draws into question all prior non-final rulings and orders. *E.g. Munoz v. Small Business Administration*, 644 F.2d 1361, 1364 (9th Cir.1981); *Herron v. Rozelle*, 480 F.2d 282, 285 (10th Cir.1973); *Elfman Motors, Inc. v. Chrysler*

for plaintiff's failure to comply with the requisite waiting period, *see* 29 U.S.C. § 626(d) (1982), and the pendent state law claims. In response to this order, Dr. McLaurin properly re-filed his federal age discrimination claim which was consolidated with the original action. At trial, the district court refused to exercise

pendent jurisdiction over the state law claims against Dr. Fischer and directed a verdict in favor of Dr. Fischer on the due process claim. Thus, the only issue before the jury was the federal age discrimination claim against Dr. Fischer and the University of Cincinnati.

*Corp.,* 567 F.2d 1252, 1253 (3d Cir.1977); 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.18 (1985). If an appellant, however, chooses to designate specific determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal. *E.g., Drayton v. Jiffee Chemical Corp.,* 591 F.2d 352, 361 n. 10 (6th Cir.1978). In considering the impact of technical errors upon the sufficiency of a notice of appeal, the Supreme Court has repeatedly emphasized that absent a showing of prejudice such errors are to be treated as harmless. *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962) (notice of appeal must "mislead or prejudice" the other party); *State Farm Mutual Automobile Insurance Co. v. Palmer,* 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956) (per curiam); *United States v. Arizona,* 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405 (1953) (per curiam); *Hoiness v. United States,* 335 U.S. 297, 300–01, 69 S.Ct. 70, 71–72, 93 L.Ed. 16 (1948).

■ In this case, by appealing from the district court's final order Dr. McLaurin effectively preserved for review all of the district court's non-final rulings and orders, including the directed verdict and state law claim rulings. Furthermore, even assuming that the notice of appeal failed to properly preserve these issues for appeal, Dr. Fischer has failed to demonstrate any prejudice due to the alleged error; consequently, any error committed by appellant is harmless. We proceed, therefore, to address Dr. McLaurin's assignments of error.

At the close of plaintiff's proofs, the district court granted defendant Fischer's motion for a directed verdict on the question of whether Dr. McLaurin's removal as director of the Division of Neurosurgery constituted a deprivation of a property right without due process. The district court concluded that plaintiff had failed to establish that his position as director of the Division of Neurosurgery was a property interest cognizable under Ohio law. Thus, we must determine whether viewing the evidence in a light most favorable to Dr. McLaurin a reasonable juror could only conclude that Dr. McLaurin failed to establish a property interest protected by the Fourteenth Amendment. *See, e.g., Hersch v. United States,* 719 F.2d 873, 876–77 (6th Cir.1983).

■ The Fourteenth Amendment prohibits a state from depriving a person of a property interest without due process of law. *E.g., Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *Cleveland Board of Education v. Loudermill,* — U.S. —, —, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). Not all property interests, however, are protected by the Fourteenth Amendment; a person must have a "legitimate claim of entitlement" to the property right. *E.g., Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 11–12, 98 S.Ct. 1554, 1561–62, 56 L.Ed.2d 30 (1978). Further, the Fourteenth Amendment does not create property interests; rather, they are created and defined by independent sources, such as state law. *Loudermill,* — U.S. at —, 105 S.Ct. at 1491; *Goss v. Lopez,* 419 U.S. 565, 572–73, 95 S.Ct. 729, 735–36, 42 L.Ed.2d 725 (1975).

■ The district court properly looked to Ohio law to determine if plaintiff had established a protected property interest. This Court has recently held that Ohio courts would recognize a property interest created by a "mutually explicit understanding" or by an unwritten common law practice in the work place. *Yashon v. Gregory,* 737 F.2d 547, 553–54 (6th Cir. 1984); *see Perry v. Sindermann,* 408 U.S. 593, 600–02, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 370 (1972). Viewing the evidence presented in a light most favorable to the plaintiff, we conclude that a reasonable juror could find that Dr. McLaurin had a property interest in his position as head of the Division of Neurosurgery. First, Dr. McLaurin testified that he had an understanding with Dr. Altemeier that the position as director was permanent and that he would hold the position unless he became

physically unable to perform his job or chose to resign. Further, Dr. McLaurin indicated that Dr. Altemeier had agreed that as director he would have a right to treat patients who were referred to the Division of Neurosurgery and to determine which doctors in the division would treat these referral patients. Evidence was introduced which indicated that this right to treat referral patients had a significant economic value. In our view, based on this testimony, a reasonable juror could conclude that Dr. McLaurin had a mutually explicit understanding with Dr. Altemeier that his position as director was to be permanent. Second, Dr. McLaurin held his position as director of the Division of Neurosurgery for twenty-eight years. During this time, no action was ever taken which was inconsistent with Dr. McLaurin's contention that the position was permanent. Moreover, there was testimony that no other division director during the twenty-eight year period had ever been involuntarily removed. From this testimony, a juror could conclude that a "common law" practice existed whereby division director positions were treated as permanent. Since a reasonable juror could conclude both that Dr. McLaurin had a mutually explicit understanding with Dr. Altemeier that his position was permanent and that a common law practice existed whereby directorships were treated as permanent, we hold that the district court improperly granted defendant's motion for a directed verdict.[2]

Accordingly, we remand this portion of the case for further proceedings.

Appellant next contends that the district court committed prejudicial error in relation to the federal age discrimination claim by limiting the introduction of evidence on the issue of pretext. The evidence pertaining to the age discrimination claim was presented in accordance with *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973): first, plaintiff was required to establish a prima facie case of age discrimination; second, defendants had to advance a legitimate non-discriminatory reason for removing plaintiff as head of the division; and last, plaintiff had the burden of establishing that the reason was pretextual. In this case, Dr. McLaurin established his prima facie case; that is, he was a member of the protected class, he was removed as director, he was qualified for the position, and he was replaced by a younger person. *E.g., LaGrant v. Gulf & Western Manufacturing Co., Inc.,* 748 F.2d 1087, 1090 (6th Cir.1984). Next, Dr. Fischer testified that Dr. McLaurin was removed due to the recommendation of the review committee and the reasons set forth in their report. Thus, Dr. McLaurin sought to establish that the reasons forwarded by Dr. Fischer were pretextual.

Six witnesses were called by Dr. McLaurin to establish pretext. After the sixth witness testified, the district court judge admonished Dr. McLaurin's counsel to introduce witnesses who would rebut Dr.

---

**2.** Appellee Fischer contends that even if Dr. McLaurin had a property interest cognizable under the Fourteenth Amendment, he was accorded due process in his removal. According to the appellees, the pre-termination discussions which Dr. McLaurin had with Dr. Fischer coupled with the post-deprivation grievance procedure provided by the University of Cincinnati afforded Dr. McLaurin due process. We note that the Ninth Circuit has held in a similar case that a post-deprivation hearing comports with due process. *Peacock v. Board of Regents of Universities & State College of Arizona,* 597 F.2d 163, 165–66 (9th Cir.1979); *see generally Cleveland Board of Education v. Loudermill,* ── U.S. ──, ──, 105 S.Ct. 1487, 1493 n. 7, 84 L.Ed.2d 494 (1985) (post-deprivation hearing suffices in some situations); *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18

(1976) ("This Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest."); *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569–70 & n. 7, 92 S.Ct. 2701, 2705 & n. 7, 33 L.Ed.2d 548 (1972) ("When protected interests are implicated, the right to some kind of prior hearing is paramount." (footnote omitted)).

Since the district court concluded that Dr. McLaurin did not have a property interest protected by the Fourteenth Amendment, it failed to reach this issue. Further, the exact pre-termination notice given Dr. McLaurin and the precise post-termination process afforded Dr. McLaurin are disputed by the parties. Therefore, because of the incomplete and conflicting record before us, we decline to address this question at this time.

Fischer's reasons for removing plaintiff. According to the district court, "not one word bearing upon age" had yet been presented by the plaintiff. During the testimony of Dr. McLaurin's seventh witness, the district court judge again warned Dr. McLaurin's counsel that he believed that the witness' testimony was cumulative and was not aiding the jury's understanding of the case. Finally, before the eleventh witness was called the district court held that Dr. McLaurin would have to show cause as to why any additional witnesses should be allowed to testify. Since plaintiff's counsel was unable to demonstrate cause, the district court prohibited four proposed witnesses from testifying. Appellant argues that the district court's action constitutes prejudicial error.

 A district court has "considerable latitude" in excluding repetitious or cumulative evidence. *Hamling v. United States*, 418 U.S. 87, 127, 94 S.Ct. 2887, 2912, 41 L.Ed.2d 590 (1974); *see* Fed.R. Evid. 403. On appeal, we can only reverse the district court's exclusion of such evidence upon a showing that the court abused its discretion. *E.g., Hamling*, 418 U.S. at 126, 94 S.Ct. at 2912; *United States v. Shelton*, 736 F.2d 1397, 1409–10 (10th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984). In this case, the district court allowed plaintiff to introduce ten witnesses to establish pretext. Further, the court did not completely prohibit Dr. McLaurin from calling additional witnesses; rather, the district court only required a showing of cause. Clearly, the district court was well within its discretion in requiring plaintiff to show cause before introducing additional testimony. Accordingly, we reject Dr. McLaurin's argument that the district court committed prejudicial error in limiting his introduction of evidence.

Appellant also asserts that the district court committed reversible error in excluding from evidence a letter dated January 15, 1982 from Dr. Fischer to Eben Alexander, M.D., a neurosurgeon and friend of Dr. McLaurin who was on the review committee. The letter forwarded a check to cover the expenses which Dr. Alexander incurred due to his participation on the review committee and provided in part that,

Again we are very heavily indebted to you for taking the trip and I shall look forward to your report. I know that it was not pleasant, but I think that the future of our Neurological Division and the future of the young men whom we would like to attract would make the trip worthwhile.

Appellant contends that this passage indicates both that Dr. Fischer had already decided to discharge Dr. McLaurin even before the review committee issued its report and intended to replace Dr. McLaurin with a younger person. The district court, however, excluded the letter on the grounds that it was irrelevant and prejudicial.

 The exclusion of evidence on the grounds of relevancy is within the discretion of the trial court. *E.g., United States v. Robinson*, 763 F.2d 778, 782 (6th Cir.1985). In our view, nothing in this letter evidences that Dr. Fischer had already decided to remove Dr. McLaurin from his position. In addition, the letter's reference to "young men whom we would like to attract" in context has little, if any, relevance to Dr. McLaurin's discharge. Therefore, we conclude that the district court did not abuse its discretion in excluding the letter from evidence.

 Finally, Dr. McLaurin argues that the district court improperly refused to exercise pendent jurisdiction over the state law tortious interference with business relations and age discrimination claims. A district court has the power to exercise jurisdiction over state claims which arise out of the same common nucleus of operative fact as the federal claim. *E.g., United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The exercise of such power is, however, discretionary. *E.g., Hagans v. Lavine*, 415 U.S. 528, 545, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974); *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Cemer v.*

*Marathon Oil Co.*, 583 F.2d 830, 832 n. 2 (6th Cir.1978) (per curiam). Judicial economy, convenience, and fairness to the litigants, among other factors, are to be considered by a district court in exercising its discretion. *E.g., Hagans*, 415 U.S. at 545, 94 S.Ct. at 1383; *see generally* H. Fink & M. Tushnet, Federal Jurisdiction: Policy & Practice 476–80 (1984). We conclude that the district court did not abuse its discretion in dismissing the state law claims. We first consider the tortious interference with business relations action.

■ In order to establish a cause of action under Ohio law for tortious interference with business relations, a plaintiff must establish that the acts of the defendant caused a third party not to enter into a contract with the plaintiff. *E.g., Juhasz v. Quik Shops, Inc.*, 55 Ohio App.2d 51, 56–57, 379 N.E.2d 235, 238 (1977); *Davison Fuel & Dock Co. v. Pickands Mather & Co.*, 54 Ohio App.2d 177, 181–82, 376 N.E.2d 965, 968 (1977). Such proof, however, is irrelevant to establishing a federal age discrimination claim. *See Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir.1982). Further, punitive damages are recoverable for tortious interference with business relations if the interference is attributable to ill will, spite, or hatred. *E.g., Reichman v. Drake*, 89 Ohio App. 222, 229, 100 N.E.2d 533, 537 (1951). In contrast, in a federal age discrimination case, liquidated damages are recoverable for willful violations, 29 U.S.C. § 626(b) (1982), which requires a showing that the employer either knew or showed reckless disregard for the matter prohibited by the Act, *Trans World Airlines, Inc. v. Thurston*, — U.S. —, —, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985). A jury could have a difficult time differentiating between punitive damages recoverable under the tortious interference claim and the liq-

uidated damages recoverable under the age discrimination Act. Moreover, the interrelationship between punitive and liquidated damages could possibly lead to a double recovery. Accordingly, since establishing a tortious interference claim would require the introduction of proofs irrelevant to a federal age discrimination claim and since a possibility of jury confusion on the damages issue is present, we conclude that the district court did not abuse its discretion in dismissing the state law tortious interference claim.

■ The district court similarly refused to exercise pendent jurisdiction over plaintiff's state age discrimination claim. *See* Ohio Rev.Code Ann. § 4112.02(N) (Page Supp.1984). Due to the jury verdict in the defendant's favor on the federal age discrimination claim, however, we do not believe that we need address this question. The Ohio Supreme Court has held that the elements and burden of proof in a state age discrimination claim are the same as in a federal case. *Barker v. Scovill, Inc., Schrader Bellows Division*, 6 Ohio St.3d 146, 146, 451 N.E.2d 807, 808 (1983). Consequently, since the district court did not commit error in presenting the federal claim to the jury, the jury necessarily also decided the state discrimination claim adversely to Dr. McLaurin.[3] Thus, any error committed by the district court in dismissing the state discrimination claim is harmless.

In conclusion, we hold that the district court erred in failing to allow the jury to determine whether Dr. McLaurin had established a property interest protected by the Fourteenth Amendment, properly limited plaintiff's introduction of witnesses, and did not abuse its discretion in dismissing the state law claims. Accordingly, the decision of the district court is affirmed in part, reversed in part, and remanded for

**3.** Dr. McLaurin asserts that the district court erred in instructing the jury as follows:

Dr. McLaurin's ability as a surgeon is not in issue. Any personality conflict between Dr. Fischer and Dr. McLaurin is not in issue. The procedure by which Dr. McLaurin was removed as Director of the Division of Neuro-

surgery is not in issue. All of these matters are irrelevant to the sole issue in this case, was the age of Dr. McLaurin a determining factor in the action that was taken.

This instruction correctly set forth the only issue which was presented to the jury—the age discrimination claim.

further proceedings consistent with this opinion.