837 F.2d 1091
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Hope MOORE, Defendant-Appellant.
 No. 87-1319.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1988.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Harold Hope Moore appeals from his conviction on one count of possession of a firearm by a felon in violation of 18 U.S.C.App. II Sec. 1202(a)(1) and one count of possession of an unregistered firearm in violation of 26 U.S.C. Secs. 5861(d) and 5871. For the reasons that follow, we affirm.
 
 I.
 
 2
 On September 8, 1986, a search warrant was issued authorizing the search of defendant's home at 4902 Glenn Street in Flint, Michigan. The object of the search was counterfeit money and equipment or supplies used to produce counterfeit money. At approximately 3:30 p.m. on September 8, 1986, Flint Police Sergeant Bernethy and Secret Service Agent Abrecht were surveilling the location. Parked in front of the home was a 1976 gray Oldsmobile registered to the defendant's wife.
 
 
 3
 During the course of their surveillance, the officers observed the defendant place a green garment bag in the trunk of the car. He returned to the house, and five to ten minutes later, he drove away in the Oldsmobile. The officers relayed this information to the search warrant team which was meeting at a nearby church parking lot.
 
 
 4
 When the defendant drove past the church parking lot, Secret Service Agents Novak, Scanlon, and Kennings, and a Flint police officer followed defendant and pulled him over. When defendant got out of the car, he left the side door open. Agent Kennings looked inside the car and saw a tan holster sticking out from under the arm rest. He removed it from the car and observed that it contained a loaded .22 caliber revolver. The defendant and his car were then taken back to the residence. The search warrant was executed, and inside the trunk of the Oldsmobile were found four long guns wrapped in a green blanket and a brown flight bag containing an Ohaus Harvard Trip Balance.
 
 
 5
 On September 16, 1986, defendant was indicted by a federal grand jury in a three-count indictment. Count One charged him with being a felon in possession of firearms in violation of 18 U.S.C.App. II Sec. 1202(a)(1). In Count Two, defendant was charged with possession of an unregistered firearm in violation of 26 U.S.C. Secs. 5861(d) and 5871. In Count Three, defendant was charged with possession of an unidentified firearm in violation of 26 U.S.C. Sec. 5861(i).
 
 
 6
 Defendant was tried by a jury on March 4-6, 1987. At the trial, Lee Thelma Burton testified that defendant had asked her to purchase guns for him. She and a friend delivered one handgun, two rifles, and two shotguns to the defendant. At the defendant's direction, Ron Conn paid Burton $200.00 in cash and gave her a gram of cocaine and three Dilaudids as payment. The four long guns were the same guns found in defendant's Oldsmobile on September 8, 1986.
 
 
 7
 Stephen Pepitone, apparently an associate of the defendant's, testified that the guns were his and that he had placed them in the defendant's car. He also stated that the scales belonged to him and that he used them for measuring gunpowder to put in shotgun shells.
 
 
 8
 Defendant was convicted on Counts One and Two and acquitted on Count Three. On March 20, 1987, he was sentenced to two years imprisonment on Count One. The sentence was suspended on Count Two, and the defendant was placed on probation for four years to be consecutive to the sentence imposed on Count One. In this appeal, defendant argues that the district court committed reversible error by allowing Agent Novak to testify as to the customary use of an Ohaus Harvard Trip Balance and by improperly limiting cross-examination of a government witness.
 
 A.
 
 9
 During the direct examination of Agent Novak, defense counsel asked him to identify item number 6, the flight bag containing the scales which was seized from defendant's automobile. On cross-examination, the government asked Agent Novak whether he was familiar with such a scale. Agent Novak testified, over objection, that such a scale is commonly used to measure drugs.[1] Defendant contends that by allowing this testimony to be admitted, the district court committed reversible error.
 
 
 10
 The only objection raised in the district court was a relevancy objection--defense counsel argued that evidence concerning the scales was not relevant because there was no connection between the scales and any cocaine that allegedly passed between the defendant and Lee Thelma Burton. Our standard of review in this regard is highly deferential. The district court has broad discretion in determining whether evidence is relevant, and the decision to admit such evidence will not be reversed absent a clear abuse of discretion. McLaurin v. Fischer, 768 F.2d 98, 104 (6th Cir.1985); United States v. Robinson, 763 F.2d 778, 782-83 (6th Cir.1985).
 
 
 11
 Relevant evidence is defined by Rule 401 of the Federal Rules of Evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See United States v. Hathaway, 798 F.2d 902, 908 (6th Cir.1986). The burden of establishing this threshold relevancy requirement is minimal. See Carter v. Hewitt, 617 F.2d 961, 966 (3d Cir.1980). Thus, it has been held that evidence as innocuous as a pair of binoculars is relevant in a drug conspiracy case. United States v. Federico, 658 F.2d 1337, 1341-42 (9th Cir.1981). Similarly, it has been held that a district court did not abuse its discretion in admitting guns into evidence because they tended to establish that the defendant was engaged in drug trafficking. United States v. Martin, 599 F.2d 880, 889 (9th Cir.), cert. denied, 441 U.S. 962 (1979).
 
 
 12
 In the present case, the jury was presented with two plausible theories regarding possession of the firearms. Lee Thelma Burton testified that the defendant purchased the gun from her in return for cash and drugs. On the other hand, Stephen Pepitone testified that the guns belonged to him. The fact that the scales found in the search are commonly used to measure drugs lends support to Lee Thelma Burton's testimony regarding the relevant events. Under these circumstances, we hold that the district court did not abuse its discretion in allowing the evidence to be admitted.[2]
 
 II.
 
 13
 Defendant also contends that reversible error was committed by the district court in the context of defendant's cross-examination of Agent Kennings. During the course of cross-examination, counsel asked Agent Kennings whether rifles were listed on the search warrant. Agent Kennings testified that he could not recall, but that he knew the warrant covered counterfeit money and equipment used in a counterfeiting operation. Defense counsel continued to attempt to elicit information regarding the search warrant, and the government objected. At the ensuing side bar conference, the court asked defense counsel to explain that line of questioning. Defense counsel explained that he wanted the jury to understand that the guns seized during the course of the search were not the evidence for which the warrant was issued. The U.S. Attorney indicated that she believed that that fact was abundantly clear, but that she would be glad to stipulate if defense counsel so desired. The side bar conference ended, and defense counsel began another line of questioning.
 
 
 14
 On appeal, defendant argues that the trial court committed reversible error by failing to instruct the jury regarding the reason for the officers' presence at defendant's home. Contrary to defendant's contention, the district court never agreed to sua sponte devise an instruction on this matter. The court merely suggested that defense counsel get a stipulation if he so desired. At that point, the matter was concluded. Defense counsel did not attempt to introduce the warrant into the record, nor did he ever request an instruction on this issue. Under these circumstances, we conclude that defendant's argument is without merit.
 
 III.
 
 15
 In conclusion, we find that the district court did not abuse its discretion in admitting testimony regarding the common use of an Ohaus Harvard Trip Balance. We also conclude that no reversible error was committed by the district court's limitation of questioning regarding the search warrant. Accordingly, the judgment of conviction is AFFIRMED.
 
 
 
 [1]
 The trial transcript indicates that the following colloquy occurred:
 Q. Are you familiar with that type of a scale?
 A. Yes, I am.
 Q. And what it is commonly used for?
 MR. STEPHENS: Objection, Your Honor, this case involves possession of firearms not the use or non-use of certain scales.
 MS. DAYNE: Could we have a Side-Bar?
 THE COURT: All right.
 MS. DAYNE: Thelma Burton's unshaken testimony is that one gram of cocaine was used to pay for those guns.
 MR. STEPHENS: What is the link between that cocaine and these scales?
 MS. DAYNE: You use scales to measure cocaine.
 MR. STEPHENS: There is no link between those scales and any cocaine that went by.
 THE COURT: Overruled. The objection is overruled.
 Q. What is that type of scale commonly used for?
 A. From my understanding it's used to measure out weight for drugs.
 Q. What type of drugs, do you know?
 A. Any and every, cocaine, heroin, marijuana.
 JA at 42.
 
 
 [2]
 On appeal, defendant also argues that the district court committed reversible error by failing to exclude the evidence pursuant to Rule 403, Federal Rules of Evidence. However, the balancing required by Rule 403 need not be performed by the district court unless the rule is specifically invoked. See United States v. Sandini, 803 F.2d 123, 126-27 (3d Cir.1986), cert. denied, 107 S.Ct. 1306 (1987); United States v. Long, 574 F.2d 761, 766 (3d Cir.), cert. denied, 439 U.S. 985 (1978). Thus, we may reverse only for plain error. See United States v. Mendez-Ortiz, 810 F.2d 76, 78 (6th Cir.1986), cert. denied, 107 S.Ct. 1384 (1987). Because we believe that no miscarriage of justice will result in failing to consider this objection, we conclude that no plain error was committed by the trial court in refusing to invoke Rule 403