907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The ESTATE OF Roger James RAAP, Deceased, by Its Personal
Representative, Carol RAAP, Plaintiff-Appellant,
v.
CLARK EQUIPMENT COMPANY, Defendant-Appellee.
 No. 89-1904.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, the estate of James Raap (Raap), through its personal representative Carol Raap, appeals the entry of judgment in favor of defendant-appellee Clark Equipment Company (Clark), following a jury trial of this products liability action. On July 3, 1987, Raap was killed when the forklift he was operating, which had been manufactured by Clark in 1974, fell from a loading dock as a result of the premature and unexpected departure of the truck onto which he was loading produce.
 
 
 2
 Raap alleged that Clark was negligent in the design of the forklift for not including a driver's restraining device of a sort that has commonly been installed on similar machines since 1983. Raap argued further that Clark was under a continuing duty to inform owners of earlier manufactured forklifts of advances in safety design, to warn of the dangers associated with earlier models, and to suggest that such machines be retrofitted so as to incorporate a driver's restraint device. The district court ruled prior to trial that Michigan law did not recognize a "continuing duty" to warn on the part of manufacturers whose products undergo subsequent advances in design. The court permitted Raap's claim that Clark was negligent in the design of the 1974 forklift to proceed to trial. During the jury trial, the district court ruled that evidence of subsequent changes in forklift design were not admissible to demonstrate that Clark had been negligent in the manufacture of the forklift in which he was injured.
 
 
 3
 On appeal, Raap argued that in Michigan manufacturers are under a "continuing duty" to warn purchasers of their products of subsequent design changes and safety improvements. For the reasons expressed in the district court's opinion of June 20, 1989, we affirm the conclusion that no such duty has been recognized by the courts of Michigan. Appellant also argued on appeal that evidence of subsequent design modifications was admissible under Fed.R.Evid. 407 to show the "feasibility" of a operator's restraint system. While true that such evidence was not barred by Rule 407, it was subject to the relevancy requirements of Rules 401-403, and the district court ruled adversely on this issue. After reviewing the record and arguments of the parties, the court is of the opinion that the district court did not abuse its discretion in noting that the proper focus in this case was on facts known to Clark at the time of manufacture and in holding that evidence of subsequent design was therefore not probative of Clark's negligence. See McLaurin v. Fischer, 768 F.2d 98, 104 (6th Cir.1985) (district courts have broad discretion in determining whether evidence is relevant).
 
 
 4
 For the foregoing reasons, the judgment of the district court is AFFIRMED.