918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles L. TAYLOR, Plaintiff-Appellant,
v.
ROADWAY EXPRESS, INC., Highway and Local Motor Freight
Employees Local Union 667, Defendants-Appellees,
International Brotherhood of Teamsters, Chauffeurs,
Warehousemen and Helpers of America, Defendant.
 Nos. 90-5451, 90-5452.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Charles L. Taylor appeals pro se the judgment in favor of defendants in this hybrid action for breach of a collective bargaining agreement and breach of the duty of fair representation filed under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Taylor, who was represented by counsel below, sought declaratory, injunctive and monetary relief from his employer and union. He alleged that his employer was violating the collective bargaining agreement by allowing drivers not based in Memphis to deliver loads from Memphis while he was laid off. In a supplemental complaint, he alleged that he had been removed from the seniority list and effectively discharged in contravention of the agreement. He maintained that the union had failed to represent him in grieving either of his claims. The district court ultimately granted defendants summary judgment separately on the original and supplemental complaints, finding no breach of the collective bargaining agreement. Plaintiff's motion for reconsideration was denied, and he timely filed two notices of appeal, the first of which contained an error in the date of the judgment being appealed. Taylor reasserts both claims on appeal. Defendants have moved to dismiss the appeal or limit its scope to the claim raised in the supplemental complaint.
 
 
 4
 Upon review, it is concluded that defendants' motions are meritless. The appeal need not be dismissed, as an appeal from a denial of reconsideration may be treated as an appeal from the underlying judgment. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973). Nor need we limit our review to the supplemental claim, as an appeal from a final judgment preserves for review all nonfinal rulings. See McLaurin v. Fischer, 768 F.2d 98, 101-02 (6th Cir.1985).
 
 
 5
 Review of the record shows that there is no genuine issue of material fact, and that defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is an absence of evidence to support either Taylor's claim that laid off Memphis drivers were entitled to preference over non-Memphis drivers, or his claim that his discharge violated the collective bargaining agreement. Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 6
 Accordingly, defendants' motions are denied, the appeal in case no. 90-5451 is dismissed as duplicative, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation