35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oscar GILLON, Plaintiff-Appellant
v.
BLUE CROSS BLUE SHIELD OF MICHIGAN, a Michigan corporation,
individually, Aetna Life Insurance Company, a licensed
Michigan corporation, individually, John Doe, Aetna Group
Field Representative, individually, jointly and severally,
and the Detroit Edison Company, intervening defendant,
Defendants-Appellees
 No. 92-1317.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1994.
 
 Before: JONES and NORRIS, Circuit Judges, and JARVIS, District Judge.[1]
 PER CURIAM.
 
 
 1
 Oscar Gillon, pro se, appeals the district court's grant of summary judgment in favor of defendants, The Detroit Edison Company (Edison), Blue Cross Blue Shield of Michigan (Blue Cross), and Aetna Life Insurance Company (Aetna), on his claim for benefits and consequential damages under an ERISA Welfare Plan. Because we conclude that the district court did not err, we affirm.
 
 I.
 
 2
 Oscar Gillon has been employed by Edison since 1978 and has participated in its health care plan, which includes dental coverage. Blue Cross served as administrator of the plan from 1982 until 1987, when Aetna assumed that role. Gillon claims that from 1986 through 1990 Blue Cross and Aetna denied many of his requests for dental benefits, on occasion suggesting alternative treatment. He claims that because of these denials his mouth and teeth progressively deteriorated, resulting in numerous surgical procedures.
 
 
 3
 Upon motions for summary judgment, Judge Cohn concluded that ERISA does not permit extra contractual damages; that plaintiff received the $1,000 yearly cap on reimbursement of dental costs for both 1985 and 1988; and that he was paid $63.50 in 1986 by Blue Cross and $135.20 in 1987 by Aetna. Gillon was allowed to present proof of entitlement to benefits for 1986 or 1987 in amounts over $63.50 and $135.20, respectively. On February 10, 1992, Judge Cohn granted Edison's motion for summary judgment, concluding that plaintiff had not submitted evidence to support a wrongful denial of benefits in 1986 or 1987. This appeal followed.
 
 II.
 
 4
 Initially, appellees contend that this court lacks jurisdiction over many of the claims since Gillon filed no notice of appeal with respect to them. This issue was addressed previously in an order of October 20, 1992. This court noted that a timely appeal following the entry of final judgment preserved all prior, non-final rulings, McLaurin v. Fischer, 768 F.2d 98, 102 (6th Cir.1985), and concluded that the grant of summary judgment in favor of Blue Cross and Aetna was before the court on appeal.
 
 III.
 
 5
 This court's review of a grant of summary judgment is de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Under Fed.R.Civ.P. 56(c), summary judgment is proper if there is no genuine issue as to any material fact. Canderm Pharmacal Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Gillon raises two issues: (1) whether he may recover extra contractual damages under ERISA; and (2) whether the district court erred in concluding that no genuine issue of any material fact existed with regard to his claim of wrongful denial of plan benefits.
 
 
 6
 Judge Cohn correctly concluded that extra contractual damages are not recoverable under ERISA. In Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985), the Court found that delay in processing health care claims did not give rise to a cause of action for compensatory relief, concluding that under ERISA Congress did not provide, nor did it intend that the judiciary imply, a cause of action for extra contractual damages caused by improper processing of benefit claims. This court has followed Russell. See Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689 (6th Cir.1989).
 
 
 7
 The policy provides that plaintiff is entitled to a maximum of $1,000 per year of covered dental benefits each year and he does not dispute that he received $1,000 for both 1985 and 1988. Accordingly, the district court properly granted summary judgment on plaintiff's claim for benefits for those years. With respect to 1986, Edison claimed, and plaintiff did not dispute, that $63.50 was paid. Gillon alleges $1,250 was denied him. He submitted a copy of a letter from Blue Cross indicating that Blue Cross would not approve treatment proposed by plaintiff's dentist because the "need for proposed treatment [was] not evident." See Tr. 240-42. Although plaintiff was offered an opportunity to submit additional evidence, he was unable to submit evidence indicating that the treatment proposed was reasonable and necessary or that any denial of benefits was contrary to the terms of the plan.
 
 
 8
 With respect to 1987, the district court found, and plaintiff did not dispute, that $135.20 was paid. Plaintiff asserted that a claim of $2,198.00 was denied. To corroborate his claim, plaintiff submitted a document from Aetna denying a pretreatment request for benefits for services to be performed in the amount of $2,198.00. No evidence indicates what those services were for, nor that they were reasonable and necessary. Therefore, the district court correctly concluded that plaintiff had not raised a question of material fact with respect to the benefits for 1987.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation