53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Marvin PERNIKOFF, Plaintiff-Appellant,
v.
Eleanor DAVIDSON; Yetta Pernikoff, Defendants-Appellees,
State of Michigan; Phyllis McMillen, Defendants.
 No. 94-1713.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1995.
 
 Before: WELLFORD, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Marvin Pernikoff, a Michigan litigant proceeding without benefit of counsel, appeals a district court judgment dismissing his complaint seeking redress for alleged violations of the Americans with Disabilities Act and the Fifth and Fourteenth Amendments to the United States Constitution. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking monetary damages, Marvin Pernikoff sued the State of Michigan, his former attorney (Phyllis C. McMillen), his mother (Yetta Pernikoff), and his sister (Eleanor Davidson). In essence, Pernikoff claimed that: 1) he was deprived of certain real property by the State of Michigan without due process; 2) the defendants violated the Americans with Disabilities Act of 1990; and 3) his former attorney committed legal malpractice in connection with a 1985 consent judgment.
 
 
 3
 The district court dismissed the State of Michigan from the suit by an order dated May 9, 1994, dismissed defendants Yetta Pernikoff and Eleanor Davidson by an order dated May 31, 1994, and dismissed defendant Phyllis McMillen by an order dated June 15, 1994. Instead of filing a notice of appeal from the third and final judgment in this case, Pernikoff filed a notice of appeal specifically expressing an intent to appeal only the order of May 31, 1994, dismissing his mother and sister from the litigation.
 
 
 4
 Initially, Pernikoff's appeal is construed as brought only from the district court's order dated May 31, 1994. Fed. R. App. P. 3(c) requires that the notice of appeal designate the judgment, order or part thereof appealed from. Where a notice of appeal specifies a particular order and omits a different one, only issues related to the specified order or judgment may be raised on appeal. Caldwell v. Moore, 968 F.2d 595, 598 (6th Cir. 1992). An appellant waives any appeal to a portion of a judgment not mentioned in his notice of appeal if he chooses to designate specific determinations in his notice. United States v. Pickett, 941 F.2d 411, 415 n.3 (6th Cir. 1991) (quoting McLaurin v. Fischer, 768 F.2d 98, 102 (6th Cir. 1985)).
 
 
 5
 In this case, the notice of appeal is not ambiguous. The notice of appeal clearly specifies that Mr. Pernikoff seeks to appeal from the district court's order of May 31, 1994, dismissing defendants Yetta Pernikoff and Eleanor Davidson. Thus, pursuant to Mr. Pernikoff's expressed intention, this appeal is construed as brought only from this order.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Pernikoff's claim that his mother and sister violated his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12101. Pernikoff argues that he is schizophrenic and that in 1985 the defendants wrongfully induced him to enter into a consent judgment settling a state lawsuit against his mother and sister concerning real estate in his late father's estate. Pernikoff's claim is meritless because the Americans with Disabilities Act did not become effective until July 26, 1990, and is not retroactive. O'Bryant v. City of Midland, 9 F.3d 421, 22 (5th Cir. 1993).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.