Carolyn DULAI, Plaintiff–Appellant,

v.

State of MICHIGAN, DEPARTMENT OF COMMUNITY HEALTH Defendant–Appellee.

No. 01–2407.

United States Court of Appeals, Sixth Circuit.

July 25, 2003.

Before CLAY and NELSON, Circuit Judges; and HAYNES,* District Judge.

## OPINION

HAYNES, District Judge.

Plaintiff–Appellant, Carolyn Dulai, filed this appeal from the order of the district court denying Plaintiff's motion under Fed.R.Civ.P. 60(b) to set aside the district court's order dismissing her action under 42 U.S.C. § 1983 against the defendant State of Michigan Department of Community Health.

Plaintiff's claim is that the State violated her First Amendment right to freedom of religion when she was subjected to offensive religious symbols at her workplace in the Michigan Department of Community Health. The State filed a motion to dismiss that the district court granted upon the ground that the State's Eleventh Amendment immunity barred Plaintiff's § 1983 action, citing *inter alia, Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The district court, however, dismissed the action without prejudice to Plaintiff's underlying First Amendment claim.

Plaintiff then filed her Rule 60(b) motion contending that the district court erred in granting defendant's motion without a

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

hearing, without any order requiring Plaintiff to respond, and without consideration of Plaintiff's draft status report for the contemplated Rule 16(c) pretrial conference. Plaintiff cited *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) in support of Plaintiff's Rule 60(b) motion. The district court denied Plaintiff's Rule 60(b) motion, stating that local rule 7.2(c) set the period for filing a response to Defendant's motion and more than a month has passed without a response from Plaintiff. The district court noted that the Rule 16 conference was set after the time that Plaintiff's response was due. Finally, the district court did not find Plaintiff's reliance on *Broadrick* controlling.

On appeal, Plaintiff asserts that since *Will*, the Supreme Court has permitted § 1983 actions against state universities and state agencies, citing *Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995) and *Bd. of Regents of University of Wisconsin System v. Southworth*, 529 U.S. 217, 120 S.Ct. 1346, 146 L.Ed.2d 193 (2000). Thus, Plaintiff contends that *Rosenberger* and *Southworth* effectively overruled *Will* so as to permit her § 1983 action against the State of Michigan.

First, only the district court's order denying Plaintiff's Rule 60(b) motion is before this Court. Plaintiff did not file a notice of appeal for the district court's August 15, 2001 order of dismissal. Instead, Plaintiff filed a Rule 60(b) seeking to set aside that order. When the district court denied Plaintiff's Rule 60(b) motion, Plaintiff filed a notice of appeal that reads as follows:

> COMES NOW the plaintiff-appellant, CAROLYN DULAI, by and through her attorney, GEORGE V. WARREN. and pursuant to FRAP 3(a) and 4(a) and 28

U.S.C. 1291, respectfully *files this Notice of Appeal from the decision and Order, dated September 4*[th], *2001*, of the United States District Court for the Western District of Michigan, Southern Division (HON. GORDON J. QUIST), *denying the Motion of plaintiff-appellant under FRCivP 60(b) for Relief* from Memorandum Order of Dismissal (dated August 15th 2001). Copies of both Orders are attached hereto as Appendix Exhibits 1 and 2. This Notice of Appeal is timely filed pursuant to FRAP 4(a)(1).

J.A. at 61–62 (emphasis added).

Under Fed. R.App. P.3(c)(1)(B), the party who appeals must "designate the judgment, order, or part thereof being appeal." Compliance with Rule 3(c) is "mandatory and jurisdictional." *Browder v. Director Illinois Dept. of Correction*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)). "[A]lthough a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Rule 3's requirements can "never be 'harmless' or waived by a court." *Id.* at 317, n. 3.

Thus, the only district court order of September 4, 2001 denying Plaintiff's Rule 60(b) motion is properly before the Court. Although an appeal from a final order of dismissal would "draw[ ] into question all prior non-final rulings and orders," *McLaurin v. Fischer*, 768 F.2d 98, 101 (6th Cir.1985), an appeal from an order denying a Rule 60(b) motion does not bring up the underlying judgment. *Feathers v. Chevron USA*, 141 F.3d 264, 268 (6th Cir.1998). For such an appeal, the standard of appel-

late review is an abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir. 1995).

In its September 4th order, the district court cited its reliance upon the State's Eleventh Amendment immunity. The earlier order relied upon *Will* wherein the plaintiff filed a § 1983 action in state court alleging that he had been denied a promotion within the Michigan Department of State Police for a legally impermissible reason, i.e., his brother's political activities. The defendants included state officials who were sued only in their official capacities. Damages were recovered at the trial court, but the Michigan Supreme Court reversed on grounds that the state was not a person for purposes of a Section 1983 action. *Will,* 491 U.S. at 61. The Supreme Court affirmed and held that a § 1983 damage action against state officials within their official capacities only is an action against the State that is not a person for § 1983 purposes. In a word. *"We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."* *Will,* 491 U.S. at 63–64.

The holding in *Will* was based principally upon a statutory construction of Section 1983, not the Eleventh Amendment. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ("Most certainly, *Will*'s holding does not rest directly on the Eleventh Amendment").

Although we disagree with the district court's interpretation of *Will,* we agree that *Will* precludes Plaintiff's action against this Defendant. As to the decisions relied upon by Plaintiff, *Broadrick* addressed a vagueness challenge to a state statute that restricted the political activities of state employees. The issue of whether the state agency was a person for purposes of a Section 1983 action was not discussed. Similarly, in *Rosenberger and Southworth,* the issues of Eleventh Amendment immunity and "person" for a § 1983 action were not raised. Given that the issue of the state university's status as a § 1983 defendant was neither presented nor discussed in *Broadrick. Rosenberger* and *Southworth,* we do not find that these decisions overrule *Will.* We conclude that the district court's order denying Plaintiff's Rule 60(b) was otherwise not an abuse of discretion.

For these reasons, we **AFFIRM** the district court's order denying Plaintiff's Rule 60(b) motion.