**SULLIVAN, Appellant,**

v.

**TUCCI et al., Appellees.**

[Cite as *Sullivan v. Tucci* (1990), 69 Ohio App.3d 20.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–191.

Decided July 31, 1990.

*Steve J. Edwards,* for appellant.

*Jones, Day, Reavis & Pogue* and *Steven J. McDonald,* for appellees Gary L. Hirt, d.b.a. Hirt Publishing Company, and Craig McDonald.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Anthony Sullivan, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants, Gary L. Hirt, d.b.a. Hirt Publishing Company, and Craig McDonald, on plaintiff's claims of libel and false light invasion of privacy.

Plaintiff was the subject of an article written by McDonald and published on October 15, 1987 in the Grove City Record, a newspaper owned by Gary L. Hirt, d.b.a. Hirt Publishing Company. Plaintiff was the Clerk of Jackson Township, an elective office, at the time the article was published.

The article stated that plaintiff failed to make a promised announcement about township purchases at an October 12, 1987 township meeting. Plaintiff asserts that he did not promise to make an announcement at the meeting and that the article therefore contained false statements. Plaintiff further asserts that the false statements in the article damaged his reputation by portraying him as a politician who broke his promises. He therefore brought suit against defendants for libel and false light invasion of privacy.

The trial court granted the defendants' motion for summary judgment on both claims. Finding no libel *per se,* the trial court held that the article could constitute libel *per quod,* but that plaintiff failed to establish such a claim

because he could not prove special damages. The trial court also held that Ohio does not recognize a claim of false light invasion of privacy.

Plaintiff raises the following assignments of error:

"1. The trial court erred in holding that, as a matter of law, the article did not constitute libel per se.

"2. The trial court erred in holding that there is no claim for false light privacy."

In his first assignment of error, plaintiff asserts that the article at issue constitutes libel *per se*. Libel is a written form of defamation. In *Matalka v. Lagemann* (1985), 21 Ohio App.3d 134, 136, 21 OBR 143, 145, 486 N.E.2d 1220, 1222, "defamation" is defined as:

" * * * [A] false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business. *Cleveland Leader Printing Co. v. Nethersole* (1911), 84 Ohio St. 118 [95 N.E. 735]; *Newbraugh v. Curry* (1831), Wright 47."

Libel is further divided into two subcategories: libel *per se* and libel *per quod*. The two are distinguishable as follows:

" * * * Libel per se means libel of itself, or upon the face of a publication, whereas libel *per quod* is libel by an interpretation, through an innuendo, between an innocent or harmless meaning and a libelous one." *Becker v. Toulmin* (1956), 165 Ohio St. 549, 556, 60 O.O. 502, 506, 138 N.E.2d 391, 397.

Thus, a determination of whether a publication is libelous involves a two-step process: first, whether there are false statements on the face of the writing, and hence, the libel is libel *per se;* second, whether through interpretation and innuendo the writing is libelous and is libel *per quod. Hampton v. Dispatch Printing Co.* (Ohio App.1988), 15 Media L.Rep. (BNA) 2093, 2094, 1988 WL 96227. In cases of libel, the question of whether the publication complained of is libelous *per se* is a question of law for the trial court. *Moore v. P.W. Publishing Co.* (1965), 3 Ohio St.2d 183, 32 O.O.2d 179, 209 N.E.2d 412.

The statement in the Grove City Record article that plaintiff failed to make a promised statement may be susceptible of libelous interpretations associated with the unexcused breaking of promises. However, it is also susceptible of innocent, nonlibelous interpretations. For example, the statement can be interpreted that the promised announcement was merely delayed or that the promise could not be kept for valid reasons. Because the article is susceptible of nonlibelous interpretations, any libelous meaning can arise only

by interpretation or innuendo. Thus, the trial court correctly held that the article cannot, as a matter of law, be libel *per se.*

■ The granting of a motion for summary judgment is proper when, construing the evidence in favor of the opposing party, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56. The trial court's decision, on a motion for summary judgment, that the article did not constitute libel does not violate the mandate of Civ.R. 56 that evidence be construed in favor of the nonmoving party. The determination that the article did not constitute libel *per se* resolved a question of law rather than a question of fact. Because resolution of a question of law does not require construing factual evidence in favor of the plaintiff, the trial court was not bound by plaintiff's interpretation of the article.

■ Plaintiff's second assignment of error asserts that the trial court erred in holding that there is no claim for false light privacy. The Ohio Supreme Court has not recognized a cause of action for invasion of privacy under a "false light" theory of recovery. *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 372, 6 OBR 421, 423–424, 453 N.E.2d 666, 669–670. As in *Yeager,* the facts of this case do not compel recognition of a "false light" theory of recovery. The trial court correctly granted defendants' motion for summary judgment on the false light invasion of privacy claim.

For the foregoing reasons, plaintiff's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.