**UNITED STATES MEDICAL CORP., Plaintiff,**

v.

**M.D. BUYLINE, INC., Defendant.**

No. C–1–90–0358.

United States District Court, S.D. Ohio, W.D.

Dec. 6, 1990.

Frederic Goeddel, Cincinnati, Ohio, for plaintiff.

Patrick Fischer, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) filed by defendant M.D. Buyline, Inc. (Buyline) (Doc. no. 6). For the reasons stated below, defendant's motion is hereby DENIED.

### Factual and Procedural Background

Plaintiff is a closely-held corporation engaged in the business of selling medical laser equipment and related supplies and providing services for the use of such equipment and supplies. Plaintiff has distribution agreements with, and is the exclusive representative for, certain major suppliers of laser equipment, including Candela Laser Corporation (Candela) and Sharplan Lasers, Inc. (Sharplan), in an area consisting of seven states. Plaintiff has contractual relationships and/or working arrangements involving Candela and Sharplan products with many hospitals and medical facilities in these states.

Defendant is a corporation organized and existing under the laws of the State of Texas. Defendant publishes a bi-monthly newsletter entitled *Byline* which provides information concerning the manufacture, distribution, and servicing of medical equipment. The subscribers to *Byline* include medical personnel, administrators, physicians, hospitals and other medical facilities. For a fee, *Byline* also provides its subscribers access to its database containing information on sales, performance, price and other data in the medical electronics field.

The March 1988 issue of *Byline* contained the following remarks:

Let us know about any shaky deals you are presented. Send me all of your laser quotes–the bigger the database, the better our case will be to the F.T.C.

The December, 1989 issue included the following statements:

Cuts ... to the partnership of Candela Laser and U.S. Medical, their dealer in OH/IN/WV/PA/MI/KY. Even though U.S.M. consistently gouges customers on price and service, Candela won't go direct because of convoluted financial reasons. If you want a laser lithotripter in that area, call Technomed and at least get competition going. Technomed's toll free number is 1–800–541–9375.

Plaintiff alleges that this issue of *Byline* was distributed to many of plaintiff's customers and potential customers throughout its geographical sales territory.

Plaintiff makes the following allegations based on the above facts: The December 1989 article is false and defamatory. Defendant knew or should have known that the published statements were untrue. Defendant intended to convey through the published statements that plaintiff is an untrustworthy and dishonest dealer of Candela Laser products. Defendant acted with actual malice and intent to injure

plaintiff's business, business relationships, and professional reputation. As a result of defendant's statements, plaintiff has suffered an impairment or loss of its business relationships with Candela, Sharplan and medical hospitals and facilities. Plaintiff's reputation for selling quality products for reasonable and fair prices has also been severely damaged.

Plaintiff asserts the following causes of action: (1) The above-quoted statements published in the December, 1989 issue of *Byline* are defamatory; (2) By publishing such statements, defendant tortiously interfered with plaintiff's contractual and business relationships with Candela; (3) By defaming plaintiff, defendant tortiously interfered with plaintiff's contractual and business relationship with Butterworth Hospital and other hospitals and medical facilities; and (4) Plaintiff has suffered a loss of expected economic gain as a result of the aforementioned conduct.

## OPINION

A Rule 12(b)(6) motion examines whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief". *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The objective of Rule 8(a)(2) is to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The familiar standard enunciated in *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir.1987) states:

> In reviewing a dismissal under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826 [105 S.Ct. 105, 83 L.Ed.2d 50] (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. *Id.* at 158; *Conley*

*v. Gibson*, 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957).

■ Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 596 (1969). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984) (*quoting In Re: Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); see also *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir.1984); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121–23 (1969). When scrutinizing the complaint, all well pleaded facts are construed liberally in favor of the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The United States Court of Appeals for the Sixth Circuit recently stated:

> "[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir.1988).

### Libel/Defamation Claim

■ Libel or defamation is a publication "which exposes or reflects on the character of the person being described and subjects him to ridicule, hatred or contempt, or affects him injuriously in his trade or profession". *Smith v. Huntington Pub. Co.*, 410 F.Supp. 1270, 1273 (S.D.Ohio 1975) (Hogan,

J.), *aff'd. without op.*, 535 F.2d 1255 (6th Cir.1976); *see also Sullivan v. Tucci,* 1990 WL 107452 1990 Ohio App. LEXIS 3235. The essential elements of a libel action are falsity, defamation, publication, injury and fault. *Celebrezze v. Dayton Newspapers, Inc.*, 41 Ohio App.3d 343, 346, 535 N.E.2d 755 (1988).

■ The United States Supreme Court has recognized constitutional limits on the application of state defamation laws. Where a media defendant is involved, a statement on matters of public concern must be provable as false before liability can be assessed so as to ensure full constitutional protection for a statement of opinion having no provably false factual connotations. *Milkovich v. Lorain Journal Co.,* —— U.S. ——, 110 S.Ct. 2695, 2697, 2706, 111 L.Ed.2d 1 (1990) (*citing Phil. Newspapers, Inc. v. Hepps,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986). Also, statements that cannot reasonably be interpreted as stating actual facts about an individual are protected. *Id.* 110 S.Ct. at 2706. Such protection assures that public discourse will not suffer for lack of "imaginative expression" or "rhetorical hyperbole". *Id.*

■ Whether speech involves a matter of public concern "must be determined by [the expression's] content, form, and context as revealed by the whole record". *Dun & Bradstreet, Inc. v. Greenmoss Builders,* 472 U.S. 749, 761, 105 S.Ct. 2939, 2946, 86 L.Ed.2d 593 (1985) (*quoting Connick v. Myers,* 461 U.S. 138, 145, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708 (1983). Speech solely in the interest of the speaker and its specific business audience does not concern a public issue. *Id.* 472 U.S. at 762, 105 S.Ct. at 2947. Conversely, speech that involves a "strong interest in the free flow of commercial information" may be entitled to special constitutional protection. *Id.* (*citing Va. Pharmacy Bd. v. Va. Citizens Consumer Council, Inc.,* 425 U.S. 748, 764, 96 S.Ct. 1817, 1827, 48 L.Ed.2d 346 (1976).

■ In cases involving alleged defamatory criticism of a public figure on a matter of public concern, a showing of actual malice is necessary in order to impute liability. *Milkovich,* 110 S.Ct. at 2703 (*citing New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 336–37, 94 S.Ct. 2997, 3005–06, 41 L.Ed.2d 789 (1974). This culpability requirement insures that debate on public issues and on the performance of public officials will be undeterred. *Id.* Actual malice requires the publication of false and defamatory statements with knowledge of their falsity or with reckless disregard of whether such statements are false or not. *Greer v. Col. Monthly Pub. Corp.,* 4 Ohio App.3d 235, 239, 448 N.E.2d 157 (1982). Reckless disregard is evidence sufficient to permit the conclusion that the defendant entertained serious doubts as to the truth of the publication. *Id.* at 239–40, 448 N.E.2d 157 (*citing St. Amant v. Thompson,* 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

In support of its claim that plaintiff has failed to state a cause of action for defamation, defendant alleges that the language of which plaintiff complains could not reasonably be interpreted as stating actual fact and is therefore not defamatory as a matter of law; that defendant is a media defendant who was making a statement on a matter of public concern, which statement cannot reasonably be interpreted as stating actual fact; that plaintiff is a public figure about whom defendant was entitled to express an opinion that is not provably false; and that the statements are capable of innocent construction and are therefore not defamatory as a matter of law.

■ Liberally construing the allegations of the complaint, the Court finds that plaintiff has stated a claim for defamation. Defendant's statements may reasonably be interpreted as stating actual fact. A reader of the statements could conclude that defendant meant that plaintiff overcharged customers and engaged in dishonest business practices. Indeed, a statement in the February, 1990 issue of *Byline* supports such an interpretation. In that issue, defendant defined "gouge" as "an excessive exaction, overcharge" and stated that

plaintiff had charged as much as "37.9% OVER list price". (emphasis in original). Thus, the statements cannot be dismissed as mere "rhetorical hyperbole" having no basis in actual fact.

■ Second, it is questionable whether the statements defendant made are entitled to special constitutional protection. The *Milkovich* analysis applies if defendant is considered to be part of the media, if defendant was speaking on a matter of public concern, and if such matter was provably false or could not reasonably be interpreted as stating actual fact. Assuming defendant is a media defendant, it does not appear from the face of the complaint that the statements in issue addressed a matter of public concern. Plaintiff may be able to prove that the statements were made solely in the interest of defendant and its specific subscribers and that the statements did not implicate a "strong interest in the free flow of commercial information". *See Dun & Bradstreet*, 472 U.S. at 762, 105 S.Ct. at 2947.

In addition, plaintiff is not precluded from establishing that the statements made were provable as false. Plaintiff may be able to objectively verify that it did not overcharge customers or gouge them in any other manner. Indeed, the pleadings permit an inference that defendant based its statements about plaintiff on data it compiled concerning plaintiff's business practices. It is possible that plaintiff could rebut the truth of defendant's charges by presenting similar data or by exposing inaccuracies in defendant's data.

Furthermore, it is not apparent from the pleadings that plaintiff is a public figure as alleged by defendant. *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 492, 104 S.Ct. 1949, 1955, 80 L.Ed.2d 502 (1984) is the sole authority defendant cites for the proposition that a corporation conducting substantial business in a public marketplace is a public figure. However, the Supreme Court in *Bose* did not address the issue of when, if ever, a corporation may be considered a public figure and expressly declined to determine whether the corporation involved in that case was a public figure. *Id.* at 492, n. 8, 104 S.Ct. at 1955, n. 8. In any event, the rationale for requiring a showing of actual malice in a defamation case brought by a public figure does not appear to apply to plaintiff. A requirement of actual malice is imposed because such individuals have greater access to the media and therefore have a more realisitic opportunity to rebut false statements. *Milkovich*, 110 S.Ct. at 2704 (*citing Gertz*, 418 U.S. at 344–45, 94 S.Ct. at 3009). There is no indication in the pleadings that plaintiff, a closely-held corporation, had this advantage.

Even if one assumes that plaintiff is a public figure, plaintiff has alleged actual malice on defendant's part. Therefore, plaintiff's defamation claim is not subject to dismissal on the ground that plaintiff is a public figure as to whom defendant did not act with actual malice.

Finally, defendant alleges that plaintiff's defamation claim must be dismissed because the alleged offending language is capable of being read innocently. *See Smith*, 410 F.Supp. at 1274. The Court fails to perceive how an accusation that a business "gouges" customers on pricing and servicing can be interpreted in a non-offending or favorable manner. For these reasons, plaintiff's defamation claim is not subject to dismissal for failure to state a claim under Rule 12(b)(6).

### Conditional/Qualified Privilege

■ Defendant claims that its statements are not actionable because they are subject to a qualified or conditional privilege. In the absence of a showing of actual malice, an otherwise defamatory statement is not actionable when made in the context of a qualified or conditional privilege. *Creps v. Waltz*, 5 Ohio App.3d 213, 450 N.E.2d 716, 717 (Syll. Para. 2) (1982). Assuming that a privilege exists as to defendant, plaintiff has pled actual malice. It does not appear beyond a doubt that plaintiff will be unable to prove any facts in support of its claim of malice. Therefore, plaintiff's defamation claim is not subject to dismissal under Rule 12(b)(6) on the ground of privilege.

### Tortious Interference

Plaintiff claims that defendant is liable for tortious interference with plaintiff's contractual and business relationships with Candela and other entities. Defendant contends that plaintiff has failed to state a claim for tortious interference because defendant was privileged to engage in the challenged conduct.

Ohio law defines tortious interference as:

[O]ne who, without a privilege to do so, induces or otherwise purposely causes a third party not to enter into, or continue, a business relation with another, or perform a contract with another is liable to the other for the harm caused thereby.

*Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988) (*quoting Juhasz v. Quik Shops, Inc.*, 55 Ohio App.2d 51, 379 N.E.2d 235 (1977). The claimant must establish that defendant's acts caused a third party not to enter into a contract with plaintiff. *McLaurin v. Fischer*, 768 F.2d 98, 105 (6th Cir.1985). Plaintiff must also prove that defendant intended to interfere with its contractual relations. *Canderm*, 862 F.2d at 601. A party "is privileged to purposely cause another not to perform a contract with a third person where he in good faith is asserting a legally protected interest of his own, which he believes will be impaired or destroyed by the performance of the contract". *Id.* (*quoting Pearse v. McDonald's Systems of Ohio, Inc.*, 47 Ohio App.2d 20, 351 N.E.2d 788 (1975).

Defendant has asserted no legally protected interest of its own which it believed would be impaired or destroyed by any action of plaintiff. None is apparent from the pleadings. Therefore, dismissal of plaintiff's tortious interference claim is not warranted on the ground that defendant was privileged to interfere with plaintiff's business relationships.

Defendant also contends that plaintiff has failed to state a claim for tortious interference because plaintiff has alleged neither intent nor that defendant's actions caused a third party not to enter into a contract with plaintiff. Plaintiff has sufficiently pled intent by claiming that defendant intended by its actions to destroy plaintiff's business relationships. Furthermore, although the complaint does not describe any particular situations where defendant allegedly caused a third party not to enter into a contract with plaintiff, plaintiff does allege that defendant's actions have detrimentally impacted on plaintiff's business relationships with its customers and other entities. Liberally construed, these allegations permit an inference that defendant's publication of the challenged statements caused third parties not to enter into business contracts with plaintiff. Plaintiff may be able to prove facts in support of such claim. Accordingly, plaintiff's claim of tortious interference is not subject to dismissal under Rule 12(b)(6).

### Conclusion

It does not appear beyond a doubt that plaintiff can prove no set of facts in support of its claims that would entitle it to relief. Therefore, it is hereby ORDERED that defendant's motion to dismiss under Rule 12(b)(6) is DENIED.

IT IS SO ORDERED.