[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On October 24, 1996, defendant, Ohio Attorney General, sent a praecipe for issuance of a lien against plaintiff, George Fleming, to the Summit County Court of Common Pleas. The Attorney General took this action at the request of its client, the Ohio Department of Taxation. Plaintiff had three outstanding assessments owing to the Ohio Department of Taxation for nonpayment of individual income taxes for tax years 1992, 1993 and 1994. On November 12, 1996, plaintiff made final payment on his outstanding assessments. On December 3, 1996, the common pleas court issued a judgment lien against plaintiff. On June 2, 1997, plaintiff notified defendant that he had paid his account in full. Upon verifying that plaintiff had paid the assessments in full, defendant issued a lien release to plaintiff on June 25, 1997, to file in the common pleas court. Plaintiff filed the lien release on September 10, 1998. On the same day, the common pleas court issued a release and satisfaction of judgment. On October 2, 1998, plaintiff received notice of adverse credit action taken against him based upon the judgment lien.
 {¶ 2} On September 10, 2001, plaintiff filed a pro se action against defendant in the Ohio Court of Claims, claiming that he was libeled by the December 3, 1996 judgment lien filed against him. In his prayer for relief, plaintiff sought, among other things, damages of $150,000. On October 3, 2001, defendant filed a motion to dismiss the complaint. In particular, defendant contended that plaintiff violated the applicable statute of limitations for his libel claim.
 {¶ 3} On October 18, 2001, plaintiff filed a "notice of opposition" to defendant's motion to dismiss, submitted an amended complaint and filed a "petition to amend complaint." By entry dated November 30, 2001, the trial court denied plaintiff's petition to amend, converted defendant's motion to dismiss to a motion for summary judgment, set a non-oral hearing date on the motion for summary judgment, and allowed the filing of additional evidence.
 {¶ 4} By decision and judgment entry filed January 24, 2002, the trial court determined that plaintiff's libel claim was time-barred by the one-year statute of limitations set forth in R.C. 2305.11(A)(1), as applicable to defendant pursuant to R.C. 2743.16(A). Accordingly, the trial court granted defendant's motion for summary judgment.
 {¶ 5} Plaintiff has timely appealed the trial court's judgment and advances a single assignment of error, as follows:
 {¶ 6} "The trial court erred in assuming that there is only one date of publication of an entry in a public court record, and that is the day the entry was journalized. The trial court did not accept appellant's argument that the cumulative public record of a court is published anew every day. From this fact it follows that, if an entry in the record is false, then a cause of action for defamation accrues anew every day the court record is open to the public, and some member of the public reads that false entry. If appellant's argument had been accepted, the trial court could not have ruled against the plaintiff-appellant by stating that appellant had failed to file his action within the time period set by statute."
 {¶ 7} Plaintiff contends that the trial court erred in determining that his libel claim was barred by the statute of limitations. Plaintiff does not dispute that the one-year limitation period set forth in R.C.2305.11 applies to his claim against defendant; rather, plaintiff argues that the claim did not accrue more than one year before the filing of the instant action. More specifically, plaintiff contends that his cause of action for defamation accrues anew every day that the common pleas court record containing the judgment lien filed against him is available for inspection by the public.
 {¶ 8} To prevail on a motion for summary judgment, the moving party must demonstrate: (1) that there are no genuine issues of material fact remaining to be litigated; (2) that the nature of the evidence is such that, even when the evidence is construed in favor of the nonmoving party, a reasonable person could only reach a conclusion in favor of the moving party; and (3) that the moving party is entitled to judgment as a matter of law. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 9} In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 10} Defamation is a false publication which causes injury to the plaintiff's reputation, or exposes the plaintiff to public hatred, contempt, ridicule, shame or disgrace. Reimund v. Brown (Nov. 2, 1995), Franklin App. No. 95APE-04-487, citing Ashcroft v. Mt. Sinai Medical Center (1990), 68 Ohio App.3d 359, 365. Libel is a written form of defamation. Id., citing Sullivan v. Tucci (1990), 69 Ohio App.3d 20, 22. To assert an action for libel, a plaintiff must file within the required statute of limitations.
 {¶ 11} Since plaintiff's cause of action is against the Ohio Attorney General, R.C. 2743.16(A) applies and states, in pertinent part:
 {¶ 12} "* * *[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."
 {¶ 13} Pursuant to R.C. 2305.11(A), a claim for libel must be brought within one year after the cause of action has accrued. Such a cause accrues upon the first publication of the allegedly defamatory statement. Reimund, supra. The statement alleged by plaintiff to be defamatory was the issuance of the judgment lien against him in the Summit County Court of Common Pleas, which occurred on December 3, 1996. Since the statute of limitations begins to run when the allegedly defamatory statement is published, plaintiff had until December 3, 1997 to institute an action for libel. Since plaintiff failed to assert his defamation claim within the applicable statute of limits, his action is barred as a matter of law.
 {¶ 14} To avoid the foregoing result, plaintiff contends that the existence of the judgment lien in the public record of the Summit County Court of Common Pleas constitutes a continuing defamation, and that a new cause of action arises each day that the judgment lien remains a part of that record. In essence, plaintiff urges this court to adopt the "single publication rule," which states, generally, that "each of several communications to a third person, by an alleged defamer, constitutes a separate and distinct publication giving rise to a new cause of action agaisnt the original author." Snell v. Drew (Nov. 1, 1985), Lucas App. No. L-85-074, citing Restatement of the Law 2d, Torts (1965), 208 Section 577A(1), and Weaver v. Beneficial Finance Co. (1957), 199 Va. 196, 199,98 S.E.2d 687. Plaintiff contends that under this rule, his cause of action will not accrue as long as the judgment lien remains a part of the record of the common pleas court. We cannot embrace plaintiff's continuing defamation theory, however, as this court has previously expressly rejected the single publication rule in a public records case. In Anthony v. Wonnell (Apr. 7, 1992), Franklin App. No. 91AP-995, the defendant made part of the record in a civil trial a Bureau of Criminal Identification and Investigation ("BCI") criminal report and "mug shot" photograph. The plaintiff contended that the existence of the BCI report and mug shot in the public record of the civil case against him constituted a continuing defamation; i.e., a new cause of action arose each day the report and mug shot remained a part of that record. This court "declin[ed] to adopt [the] plaintiff's continuing defamation theory in derogation of the prevailing first publication rule" and affirmed the grant of summary judgment on the defamation claim for violating the statute of limitations. Id.
 {¶ 15} Applying the foregoing law to the undisputed facts of the instant case, and construing those facts most strongly in favor of plaintiff, it is manifestly clear that plaintiff's cause of action for libel accrued on December 3, 1996, the date of first publication of the alleged defamatory matter. The ongoing presence of the judgment lien against plaintiff in the public record of the Summit County Court of Common Pleas does not constitute a continuing defamation and does not therefore give rise to a new cause of action each day the court record is open for public inspection. Plaintiff's complaint, filed on September 18, 2001, was not timely, and the trial court properly dismissed the action below. Accordingly, we find plaintiff's assignment of error to be not well-taken.
 {¶ 16} For the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.