**TIFTAREA SHOPPER, INC. d/b/a the Tiftarea Shopper, Plaintiff-Appellant,**

**v.**

**GEORGIA SHOPPER, INC., d/b/a the Shopper, Boyd Sumler, Scott Carter, and G.G. Joseph Kunes, Jr., Defendants-Appellees.**

**No. 85–8759**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 15, 1986.

Herbert T. Schwartz, Houston, Tex., for plaintiff-appellant.

G.G. Joseph Kunes, Jr., Tifton, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Tiftarea Shopper appeals from a judgment of the district court dismissing its federal and state antitrust claims against Georgia Shopper, Inc., and several individuals connected with that corporation. The district court dismissed the federal claim on defendants' 12(b)(6) motion because it held that plaintiff's complaint failed to state a cause of action and dismissed the state law claims on defendants' 12(b)(1) motion because it lacked subject-matter jurisdiction. We affirm in part and reverse in part.

Tiftarea Shopper is a free newspaper, containing only advertisements and distributed in the Georgia counties of Tift, Atkinson, Ben Hill, Berrien, Colquitt, Cook, Irwin, Turner, and Worth. According to plaintiff's complaint, defendant Georgia Shoppers began to distribute a competing free advertisement newspaper. Plaintiff alleged that the Georgia Shopper hired some of its former employees and had these employees contact advertisers who did business with plaintiff. When the former employees called these advertisers they did not state that they had changed newspapers. The advertisers would reach an agreement with these employees under the assumption that their ads would appear in plaintiff's newspaper. After the advertisers later discovered that these employees were now working for Georgia Shoppers, Georgia Shoppers would attempt to retain their business by offering them advertising rates that were below both the average total cost and the average variable cost of publishing these ads. Plaintiff alleged that this predatory pricing scheme was intended to drive it out of business. It also alleged that this conduct had a substantial effect on interstate commerce because most of its supplies come from interstate commerce, most of its advertisers are engaged in interstate commerce, and it is financed through banks that engage in interstate commerce.

The district court found that the complaint failed to state a cause of action under the federal antitrust laws. It ruled that relief under section 1 of the Sherman Antitrust Act was precluded because the complaint failed to allege a conspiracy in restraint of trade. All of the acts complained of were performed by employees of Georgia Shoppers working in their official capacity. As agents of the corporation all their actions were attributable to the corporation. Under these circumstances, the district court held, there could be no conspiracy because a corporation cannot conspire with itself.

The court also found that the complaint failed to state a cause of action under section 2 of the Act because it failed to allege a " 'specific intent of the part of the defendant to bring about a monopoly *and* a dangerous probability of success.' " Dist. ct. op. 3, *quoting Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp.,* 711 F.2d 989, 996 (11th Cir.1983) (emphasis in dist. ct. op.). After finding that the complaint stated no federal cause of action, the court dismissed the pendent state law claims for lack of subject matter jurisdiction.

A district court should grant a 12(b)(6) motion only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The Supreme Court has further cautioned that because of the factual nature of most antitrust cases "summary procedures should be used sparingly...." *Poller v. CBS,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Applying these principles to the present case, we find that the district court was correct in ruling that plaintiff did not state a cause of action under section 1. In this circuit unless the plaintiff can demonstrate that the officers of a corporation have a personal stake in achieving the object of the alleged conspiracy, an agreement among the officers of a single corporation acting in their official capacity is not a conspiracy because a corporation cannot conspire with itself. *H & B Equipment v. International Harvester,* 577 F.2d 239, 244 (5th Cir.1978). Tiftarea's complaint fails to allege the type of personal stake necessary to fit within the exception to the rule.

■ The complaint is sufficient to state a cause of action under section 2. The district court correctly noted that in order to prevail plaintiff would have to "show specific intent of the part of the defendant to bring about a monopoly *and* a dangerous probability of success." It then found that "[n]othing in the complaint alleges that even if the defendants were successful in undercutting the plaintiff's prices they would be in a monopoly position in the advertising market in Tifton." But Paragraph 17 of the complaint alleged that defendants' practice "constitutes an attempt to monopolize the said market for such 'shopper' publication in the relevant market area." The complaint in Paragraph 18 states that:

> the defendant corporation is bearing the financial losses incurred by virtue of a predatory pricing scheme alleged through the continuing infusion of mon-

ey by the Defendant KUNES [owner of the Georgia Shoppers] with the anticipated benefit to KUNES that, upon the destruction of Plaintiff and its elimination as a competitor, KUNES, through his ownership and/or control of the defendant corporation will recoup his financial losses and continue to benefit from the *resultant monopoly acquired by the defendant corporation.* (emphasis added).

These allegations state a successful claim under section 2. It cannot be said that no set of facts would substantiate these allegations.

■ Defendants urge as an alternate ground for affirmance that the complaint fails to state a cause of action because it does not allege that their activities had a substantial effect on interstate commerce. This contention lacks merit. Under the limited scrutiny given to complaints on a 12(b)(6) motion, and the allegations that defendants' activities had a substantial effect on interstate commerce, see *supra,* we cannot say that this complaint fails to state a cause of action under section 2.

■ The district court dismissed the pendant state claims after it had dismissed the federal claim on the ground that absent the federal claim it had no subject matter jurisdiction over the state claims. Because we find that the federal claim should not have been dismissed, we must reverse on the state law claims.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.