Keith Rene GUY, Sr., as plaintiff
and as class representative,
Plaintiff–Appellant,

Craig Johnson and David T. Jones, indi-
vidually, and on behalf of the class of
persons similarly situated, Interven-
ing Plaintiffs–Appellants,

Barry Lynn Demus, Jr.,
et al., Plaintiffs,

v.

LEXINGTON–FAYETTE URBAN
COUNTY GOVERNMENT,
Defendant–Appellee.

Nos. 00–5434, 00–5569.

United States Court of Appeals,
Sixth Circuit.

Jan. 15, 2003.

Before KRUPANSKY and BOGGS, Circuit Judges, and LAWSON, District Judge.*

LAWSON, District Judge.

Appellants, Craig Johnson and David T. Jones, appeal from an order denying their motion to require notice to putative class members of an impending settlement in an action alleging that the defendant, Lexington–Fayette Urban County Government (LFUCG), sponsored a youth summer program in which minors were allegedly made victims of sexual abuse. Appellants, whose motion to intervene as party plaintiffs was denied below, also challenge the lower court's determination that class certification should be denied. Appellant Keith Rene Guy, Sr., one of the original plaintiffs in the lower court, appeals from an order entered below which denied Guy's motion to disapprove the settlement of his individual claim, enforced that settlement, and dismissed Guy's case with prejudice. The appeals were consolidated for briefing and submission. After oral argument, appellants Johnson and Jones settled their case with LFUCG, and this court granted their joint motion to dismiss that appeal. Guy, however, has moved to reconsider the dismissal order because he desires to pursue an issue advanced by Johnson and Jones in their appeal. We decline to reconsider our order dismissing the companion appeal, and we affirm the district court's order dismissing Guy's case.

## I.

LFUCG for many years conducted a summer youth program. As part of that program, Ronald C. Berry organized Micro–City Government, Inc., a non-profit corporation, whose primary goal was to provide part-time summer employment for disadvantaged youths. In this lawsuit filed by four men, including appellant Keith Guy, who participated as youths in Micro–City, it was alleged that Berry sexually abused them and that LFUCG officials were aware of the abuse and were deliberately indifferent to Berry's activities. In addition, the plaintiffs sought to represent a class of all persons "who were sexually assaulted by Ron Berry by virtue of his position of authority as director of MCG and recipient of LFUCG's funds to

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, is sitting by designation.

run a summer youth employment program." J.A. at 13. The plaintiffs alleged in their complaint that the members of the class are numerous, the issues of law and fact were common to the class, the plaintiff's claims were typical of those of other members of the class, and the plaintiffs would fairly and adequately represent the interests of the other members of the class.

Although the case proceeded through discovery and into settlement negotiations, neither the plaintiffs nor the defendants sought a determination from the district court whether the class should be certified under Fed.R.Civ.P. 23. However, on January 12, 2000, appellants Johnson and Jones filed a notice of entry of appearance, request for notice to class members, and for an opportunity to object to settlement. In this filing, Johnson and Jones state that they had become aware of a pending settlement and wished to be heard by the court as to why the settlement should be rejected. Johnson and Jones maintained that the court was required to reject the settlement because no provision was made for notice to the putative class members.

Two days later, the four original plaintiffs and the defendant, LFUCG, agreed to a settlement and filed a Joint Motion to Enter Agreed Order of Dismissal. J.A. at 35. The proposed settlement required dismissal with prejudice of the named plaintiffs' cases, but provides that no action would be taken as to the class action allegations because the district court had not yet certified the class. Both LFUCG and the named plaintiffs also filed responses in opposition to Johnson's and Jones' filings, contending that class certification was not warranted by the facts of the case. Remarkably, in direct contradiction of the allegations in their complaint, the plaintiffs stated in their filing that "[t]he Plaintiffs have never requested that the subject ac-

tion be certified as a class action principally because of numerosity." J.A. at 38. Then, apparently confessing a violation of Fed.R.Civ.P. 11, the plaintiffs stated, "The Plaintiffs have *never* believed that the class was … so numerous that joinder of all members [was] impracticable." J.A. at 38 (internal quotes omitted; emphasis added).

On January 31, 2000, Johnson and Jones filed their motion to intervene as plaintiffs together with a proposed intervening complaint in which they alleged that they, too, were victims of Berry's abuse, sought to represent the class of Berry's other victims, and included allegations of commonality, numerosity, typicality, and adequacy of representation.

The district court held a hearing on all pending matters on February 4, 2000, which began with a comment by Johnson's and Jones' attorney that named plaintiff Keith Guy had mailed a *pro se* motion to disapprove the settlement, a copy of which the court eventually received later that day. The court read the handwritten letter-motion into the record as follows:

> Here's what he says. Comes now the plaintiff, Keith Rene Guy, Sr., and moves the court for an order transporting me to court on 2–4 and disapproving the settlement as follows: One, I have discharged my lawyers; two, I have not seen any agreement concerning any settlement; three, I feel that my lawyers did not act in my best interest when they accepted this offer for me; four, I am in the Fayette County Detention Center, and I believe that no arrangements have been made for my appearance on 2–4.

Guy's "former" lawyers professed ignorance of their apparent discharge and informed the court that Guy had given them full authority to settle the case, although they had not yet obtained Guy's signature

on any settlement documents. LFUCG's counsel stated that Guy's acceptance of the settlement had been communicated by the attorneys for the plaintiffs, and that Guy's change of heart could have resulted from the service of writs of garnishment attaching his share of the settlement proceeds. Another attorney, Gayle Slaughter, advised the court that Guy had asked her to attend the hearing on his behalf and informed the court that Guy was then incarcerated. The court scheduled a hearing on Guy's objections to the settlement for February 25, 2000, and then considered the settlement as to the remaining plaintiffs in light of the intervention effort by Johnson and Jones.

Counsel for Johnson and Jones acknowledged that he could take no position as to the settlement proposed by the remaining named plaintiffs. ("Obviously, it's none of my business if these four individual plaintiffs settle out their claims. That's between them and the City, and I have no dog in that fight, certainly." J.A. at 127.) His concern was focused on his own clients' vulnerability to a statute of limitation defense, and losing the opportunity to litigate the class certification question. Johnson and Jones, however, offered no evidence on the class certification issue at that hearing.

Apparently accepting the named parties' argument that intervention was not timely and would unduly delay the settlement, but attempting to accommodate the proposed interveners' stated concerns, the court entered the following order:

(1) That the Motion of Craig Johnson and David T. Jones to Intervene be and it is hereby DENIED. The commencement of a class action suspends the applicable statute of limitations as to all putative class members, and once tolled, the statute of limitations remains tolled for all pu-

tative class members until class certification is denied or the case is dismissed. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Therefore, the filing of this action tolled the statute of limitations for Johnson and Jones.

. . .

(3) That the Pro–Se Motion of Keith Rene Guy, Sr., to Disapprove the Settlement be and it is hereby ASSIGNED FOR HEARING ON FRIDAY, FEBRUARY 25, 2000, AT 2:00 P.M.

. . .

(5) That the Joint Motion of the parties to approve the settlement be and it is hereby GRANTED with regard to the plaintiffs, Barry Lynn Demus, Jr., Christopher Andre Williams, and Octavius Gillis. Those plaintiffs' claims against the defendant are hereby DISMISSED WITH PREJUDICE.

(6) That the Court RESERVES RULING on the Request of Craig Johnson and David T. Jones for Class Certification.

February 4, 2000 Order.

At the February 25, 2000 hearing, the court heard the testimony of Guy and his former attorneys, Robert Reeves and David Friedman. Reeves stated that negotiations began with a $500,000 offer from LFUCG. This offer was rejected and the plaintiffs made a $600,000 counter-demand. The counter-demand was rejected and LFUCG refused to reinstate the previous offer. Then LFUCG offered $450,000 and this offer was accepted. Reeves advised that Guy had agreed to accept, stating

[a]t that point, I already had Mr. Guy's approval to settle for 425, for his share your Honor, one-fourth of 425. In other

words, he, as part of the four, would take 425. I called all of them and confirmed with each of them individually that they would take the 450 that was then the offer from the City. And that included Mr. Guy. I then informed everybody except Keith, I think, myself that the 450,000–dollar settlement was a done deal, in essence.

J.A. at 69. Reeves co-counsel stated that, in his conversations with Guy, the attorneys had been given full authority to settle in amounts less than other plaintiffs and less than the actual settlement amount. A notarized letter from Guy to Reeves dated January 12, 2000 (i.e., after the settlement negotiations had been concluded) was also presented to the court which stated, "I feel that you gentlemen have done a fine job in my respect to you.... I want to thank each of you for all the hard work and fine time you spent. Thank you very much." Also in that letter, Guy instructed his attorneys to turn over the settlement proceeds to his mother. Appellee's Br. at 8.

Guy testified that he was willing to accept a settlement but received no communication from Reeves from the time Reeves said "all offers were off the table" until Reeves' office called stating there was a settlement but did not give the amount. The next day, Guy received a letter indicating that the settlement was $70,000 net to him. Guy stated that Reeves told him that Guy could not settle individually.

On February 28, 2000, the district court rejected Guy's motion to disapprove the settlement, concluding from the evidence that Guy had authorized his attorneys to settle the case on his behalf. The court held that events which occurred after Guy approved the settlement would not justify Guy's attempt to repudiate the settlement. The court then denied Guy's motion to disapprove the settlement, ordered the settlement enforced, and dismissed the case with prejudice.

On March 24, 2000, Guy timely filed his notice of appeal of this order. However, the issue of class certification remained pending, as did the motion by Johnson and Jones to compel notice to the putative class and an opportunity to object to the settlement. Since Johnson and Jones were not formal parties to the lawsuit, their motion to intervene having been denied, there was no one left in the case to urge class certification. Nonetheless, the district court felt obliged to address the issue, based on the authority of *Muntz v. Ohio Screw Prods.*, 61 F.R.D. 396 (N.D.Ohio 1973) (finding that settlement of named plaintiffs would not be approved without notice to putative class members if class certification was warranted by the facts). Accordingly, the court filed an opinion and order on April 4, 2000 denying the motion by Johnson and Jones for notice to putative class members in which the court stated:

Four named plaintiffs brought the instant case and Jones and Johnson moved to intervene. Considering that this lawsuit was filed in October, 1998 and that there has been an enormous amount of publicity about the case, the Court believes that it is unlikely that many more alleged victims will come forward. Accordingly, the Court finds that the class is not so numerous that joinder is impracticable. Since the class fails to meet the prerequisites of Rule 23(a), notice to putative class members is not warranted.

Johnson and Jones filed a timely notice of appeal of this order on April 4, 2000.

Although not required by Federal Rule of Appellate Procedure 3, Guy listed in his notice of appeal the allegations of error he intended to advance in this court. Among them was the district court "not providing

Notice of dismissal to class members as required under Rule 23(e)." That prompted a motion by LFUCG to dismiss that issue on appeal. LFUCG argued that Guy was not aggrieved by the lower court's ruling concerning notice to putative class members, that issue was raised only by the proposed intervenors, and therefore Guy had no standing to raise that issue on appeal. In response to the motion, Guy did not concede lack of standing, but he did agree to withdraw the notice issue from his appeal since appellants Johnson and Jones had raised the same issue in their appeal, assuring presentation of it to this court. On June 6, 2000, another panel of this court granted the motion to dismiss that issue from the appeal.

The appeals were then consolidated for briefing and argument. However, after the case was submitted following the April 24, 2002 oral argument, Johnson and Jones reached a settlement with LFUCG, and those parties filed a joint motion to dismiss their appeal. Guy did not object to that motion—he claims not to have received notice of it—and this court granted the motion and ordered Johnson's and Jones' appeal dismissed on October 15, 2002.

On October 28, 2002, Guy filed a motion to reconsider our dismissal of the companion appeal, in which he seeks the opportunity to "continue litigating ... issues regarding Notice [*sic*] to putative class members." Motion to Reconsider Order Entered October 15, 2002, at 3. LFUCG filed an answer in opposition in which it reasserted its lack-of-standing argument, and further contended that this court lacks jurisdiction to hear the issue because Guy's notice of appeal did not encompass it.

## II.

■ There are several reasons that Guy's motion to reconsider the order dismissing the companion appeal should be denied. First, the effect of granting Guy's motion would be to revive an appeal, at the behest of a stranger, which the parties by stipulation have abandoned. Guy had no interest in the resolution of Johnson's and Jones' dispute with LFUCG. As a named plaintiff who had negotiated a settlement of his personal dispute in the district court, he had no direct interest in class certification, nor was he aggrieved by the court's determination that notice of this settlement need not be given to putative class members. In fact, in light of his attorney's record admission that the allegation of numerosity was disingenuous, perhaps inserted in the complaint solely to enhance the settlement prospects of the named representatives, it was an issue he ought not have pursued. In any event, because he was not aggrieved by that determination, he had no standing to challenge that ruling on appeal. *See Deposit Guar. Nat. Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) ("Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."); *Machella v. Cardenas*, 659 F.2d 650, 652 (5th Cir.1981). To use the words of counsel for the proposed intervenors, it was a "fight" in which Guy had "no dog."

■ Second, Guy abandoned this issue himself earlier in his own appeal. He attempted to raise the issue of lack of notice to putative class members in his notice of appeal, but the issue was withdrawn when this court granted LFUCG's motion to dismiss the issue, which Guy did not contest, presumably because of his belief that Johnson and Jones would pursue the issue in their separate appeal. Guy has not asked this court to reconsider the

order granting that motion, which would have been a more direct way for Guy to resurrect the issue. In the present circumstances, the court is not inclined to grant Guy relief from his failure to foresee the possibility that Johnson and Jones would not continue their appeal.

■ Third, this court does not have jurisdiction to consider the lack-of-notice issue in Guy's appeal. Although the issue was mentioned in Guy's notice of appeal, the notice designated only the lower court's February 28, 2000 order as the one from which the appeal was taken. In that order, the lower court denied Guy's motion to disapprove the settlement, enforced the settlement agreement, dismissed Guy's claims with prejudice, and struck the case from the active docket. The question of notice to putative class members was not adjudicated in that order. Guy, therefore, failed to designate in his notice of appeal a judgment or order of the lower court which included the notice issue he seeks to pursue here.

Rule 3(c) of the Federal Rules of Appellate Procedure governs the content of notices of appeal. The rule states that notices of appeal must "specify the party or parties taking the appeal," "designate the judgment, order, or part thereof being appealed," and "name the court to which the appeal is taken." Fed. R.App. P. 3(c)(1). Thus, Rule 3(c)(1)(B) requires designation of the order from which an appeal is taken. *United States v. Universal Mgmt. Servs., Inc.,* 191 F.3d 750, 756 (6th Cir.1999). Rule 3(c) is jurisdictional and may not be waived by the court of appeals. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (although a court may construe the Rules liberally in determining whether they have been complied with, a court may not waive the jurisdictional requirements of Rule 3 even for "good cause shown"); *Universal*

*Management,* 191 F.3d at 756 (holding that because the appellant's notice of appeal referenced only the district court's summary judgment rulings, the court did not have jurisdiction to consider issues raised in a motion for reconsideration not referenced in the notice of appeal). *See also Trivette v. New York Life Ins. Co.,* 270 F.2d 198, 199 (6th Cir.1959) (holding that if the court of appeals regards a notice of appeal as being insufficient, the court can at any time, with or without motion to dismiss, raise the jurisdictional question *sua sponte* ).

Although "the law is well settled that an appeal from a final judgment draws into question all prior non-final rulings and orders," *McLaurin v. Fischer,* 768 F.2d 98, 101 (6th Cir.1985), if an appellant "chooses to designate specific determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal." *Id.* at 102; *see also Crawford v. Roane,* 53 F.3d 750, 752 (6th Cir.1995). Therefore, where "a party intentionally does not appeal a part of judgment, he cannot, after the time for filing has elapsed, change his mind and appeal from that part of the judgment." *Bach v. Coughlin,* 508 F.2d 303, 307 (7th Cir.1974); *see also Wilson v. Firestone Tire & Rubber Co.,* 932 F.2d 510, 516 (6th Cir.1991) (holding that the plaintiff failed to preserve any state law contract/promissory estoppel claim for appeal where, in his notice of appeal, the plaintiff failed to raise dismissal of state law claims as matters for appeal).

"[L]itigants are charged with the responsibility for complying with the Federal Rules of Appellate Procedure." *Maerki v. Wilson,* 128 F.3d 1005, 1007 (6th Cir.1997). The court of appeals cannot excuse noncompliance. *Torres,* 487 U.S. at 317.

Rather plainly, certain rules are deemed sufficiently critical in avoiding inconsistency, vagueness and an unnecessary multiplication of litigation to warrant strict obedience even though application of the rules may have harsh results in certain circumstances. Under *Torres,* Rule 3(c) is such a rule.

*Universal Management,* 191 F.3d at 757 (quoting *Minority Employees v. Tennessee Dep't of Employment Sec.,* 901 F.2d 1327, 1329 (6th Cir.1990) (en banc)). Guy chose to limit his appeal to the lower court's rulings contained in the February 28, 2000 order. Because that order did not adjudicate the question of whether notice to putative class members was required before approval of a settlement, this court lacks jurisdiction to review it now that the companion appeal has been dismissed.

### III.

■ Guy also contends that the district court should not have held him to his earlier agreement to settle his case. The standard of review which we apply when reviewing a district court's determinations are "traditionally divided into three categories." *Lion Uniform, Inc., Janesville Apparel Div. v. NLRB,* 905 F.2d 120, 123 (6th Cir.1990) (quoting *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Denominated questions of law are reviewed *de novo,* questions of fact are reviewed for clear error, and matters of discretion are reviewed for abuse of discretion. *Id.* The admission of evidence is reviewed for an abuse of discretion. *United States v. Humphrey,* 279 F.3d 372, 376 (6th Cir.2002).

It is beyond debate that the district court has the "inherent authority and equitable power to enforce agreements in settlement of litigation before it." *Bowater N. Am. Corp. v. Murray Machinery, Inc.,* 773 F.2d 71, 76 (6th Cir.1985). A valid

settlement agreement can only be set aside for fraud or mutual mistake of fact. *Estate of Jones v. Comm'r of Internal Revenue,* 795 F.2d 566, 573–74 (6th Cir. 1986). Fraud can be either actual or constructive. Actual fraud is "deception intentionally practiced to induce another to part with property or to surrender some legal right" while constructive fraud is the "breach of legal or equitable duty which, in spite of the fact that there is no moral guilt resulting from the breach of duty, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Epstein v. United States,* 174 F.2d 754, 765–66 (6th Cir.1949).

Guy asserts, however, that the record does not even support the conclusion that his lawyer was authorized to compromise his claim because the statements which support the contention that Reeves had the authority to settle were made by Reeves prior to his testimony under oath. Therefore, Guy argues, these statements are not evidence, citing *United States v. Hamilton,* 128 F.3d 996, 999 (6th Cir. 1997), and could not form the basis for the district court's decision that a settlement was reached in the first place.

■ In *Hamilton,* we held that an attorney's statement to the court that her client likely intended to commit perjury concerning some fabricated receipts constituted inadmissible hearsay and should not have been used as the basis to exclude the evidence at trial. Attorney Reeves' statements about Guy's authorizing him to settle the case, however, are not properly analyzed as hearsay because they contain no "assertion," and the statements themselves have independent legal significance as a verbal fact. *See United States v. Moreno,* 233 F.3d 937, 940 (7th Cir.2000); 2 McCormick on Evidence § 249 (5th ed.1999); *cf. Trepel v. Roadway Express,*

*Inc.,* 194 F.3d 708, 717 (6th Cir.1999). Moreover, we have held that statements made by an attorney "as an officer of the court ..., pursuant to his ethical obligation, though conclusory, are made as if upon oath." *Smith v. Anderson,* 689 F.2d 59, 64 (6th Cir.1982). Another court has observed that

> a person who makes statements under oath or penalty of perjury is presumed to tell the truth, which is a cornerstone of the resolution of disputes under the "rule of law." Surely no less should be presumed with regard to such statements given by attorneys who in addition have taken an oath to uphold the law as officers of the court. As with most presumptions, this one is also rebuttable.

*Carbo Ceramics, Inc. v. Norton–Alcoa Proppants,* 155 F.R.D. 158, 164 (N.D.Tex. 1994).

We conclude, therefore, that the statements of attorney Reeves provided an adequate factual basis for the district court to find that Guy authorized his attorneys to settle his case for the amount ultimately approved by the court. Even if Guy was later misinformed about the disposition of the settlement proceeds and their exposure to his other creditors, as the record might suggest, there is no evidence of mutual mistake or fraud, and the decision by the district court was not clearly erroneous. The lower court, therefore committed no error in denying Guy's motion to disapprove the settlement and in enforcing the settlement agreement.

## IV.

We find no basis to reconsider our order dismissing the companion appeal. We likewise find that the district court's approval and enforcement of the settlement agreement involving Keith Guy was not clearly erroneous. Accordingly, Guy's motion to reconsider the order dismissing docket number 00–5569 is **DENIED,** and the order of the district court enforcing the settlement agreement and dismissing the case is **AFFIRMED.**