BOLIN, Justice.
Compass Bank d/b/a BBVA Compass and Amy Hovis petition this Court for a writ of mandamus directing the Madison Circuit Court to dismiss an action filed in that court by Jerome Sirote, based on Alabama’s abatement statute, § 6-5-440, Ala.Code 1975.

Facts and Procedural History

On October 5, 2010, Sirote filed a complaint in the federal district court against BBVA Compass, and its employees, Amy Hovis and Lisa D. Williams, alleging breach of contract; breach of fiduciary duty; violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (“TILA”); violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (“RESPA”); fraud; deceit; and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Sirote contended that BBVA Compass, through its employees, Hovis and Williams, forged his name on a deed of trust for property in Tennessee owned by Sirote and his wife and that it also forged his name on an amended trust deed. Both deeds secured promissory notes held by BBVA Compass and executed by Sirote and his wife. Sirote also alleged that BBVA Compass misappropriated and converted millions of dollars in bonds that BBVA Compass was managing for him. Sirote alleged that BBVA Compass improperly processed transactions in his deposit account and misstated material facts related to that account.
The defendants moved to dismiss Si-rote’s complaint. On December 80, 2010, the federal district court entered an order dismissing Sirote’s federal claims with prejudice. With regard to Sirote’s state-law claims, the court stated:
*580 “Jurisdiction over plaintiffs remaining claims — for breach of contract, breach of fiduciary duty, fraud, and deceit under Alabama law (Counts One, Two, Five, and Eight, respectively, of plaintiffs original Complaint, and Counts One, Two, Five, and Six, respectively, of plaintiffs proposed Amended Complaint) — was based upon 28 U.S.C. § 1367, the statute governing supplemental jurisdiction over state law claims. In cases where the court’s jurisdiction is based solely upon a federal question, the district court has discretion to entertain state claims that are ‘supplemental’ to the federal claim. See 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction when:
“‘(1) the claim raises a novel or complex issue of state law,
“ ‘(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
“‘(3) the district court has dismissed all claims over which it has original jurisdiction, or
“ ‘(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.’
“28 U.S.C. § 1367(c) (emphasis supplied). ‘[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims.’ Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988).
“Here, plaintiffs federal claims have been eliminated. There is no independent basis for this court to assert jurisdiction over plaintiffs state law claims.19 Accordingly, this court will decline supplemental jurisdiction over the remaining state law claims, and will exercise its discretion to dismiss those claims.
" 19 Plaintiff cannot assert federal jurisdiction based on satisfaction of the requirements of the diversity statute, 28 U.S.C. § 1332, because complete diversity of citizenship is not present. See 28 U.S.C. § 1332(a)(l)(re-quiring that, in addition to an amount in controversy exceeding $75,000, the civil action must be between 'citizens of different States.' Plaintiff is a resident of Alabama, as are the individual defendants Amy L. [Hovis] and Lisa D. Williams.... ”
Sirote filed a Rule 59(e), Fed.R.Civ.P., motion to alter, amend, or vacate the judgment, which the federal court denied. On February 11, 2011, Sirote filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit.
On February 11, 2011, the same day Sirote filed his notice of appeal, Sirote filed a complaint in the Madison Circuit Court against BBVA Compass, Hovis, and Williams, alleging breach of contract, breach of fiduciary duty, fraudulent concealment, accounting for bonds, deprivation of possession of personal property in violation of § 6-5-260, Ala.Code 1975, conversion, money had and received, unjust enrichment, and civil conspiracy. Sirote contended in the state-court action that BBVA Compass, through its employees, Hovis and Williams, forged his name on a deed of trust on property in Tennessee owned by Sirote and his wife and again forged his name on a modification of that deed, both of which secured promissory notes in favor of BBVA Compass executed by Sirote and his wife. Sirote also alleged that BBVA Compass misappropriated and converted millions of dollars in bonds that it was managing for him. Sirote further alleged that BBVA Compass improperly processed transactions in his deposit ac *581 count and misstated material facts related to that account. According to BBVA Compass, Williams was never properly served; she is not a party to this petition.
BBVA Compass and Hovis moved to dismiss on the ground that Sirote’s complaint violated § 6-5-440, which prohibits a party from prosecuting two actions simultaneously in different courts if the claims alleged in each action arose from the same underlying operative facts. The trial court denied the motion. BBVA Compass and Hovis then filed this petition asking this Court to direct the trial court to dismiss Sirote’s action against them. We grant the petition and issue the writ.

Standard of Review

“[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion.” Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660 (Ala.2001). Mandamus is the appropriate remedy to correct a trial court’s failure to properly apply § 6-5-440. See Ex parte Chapman Nursing Home, Inc., 903 So.2d 813 (Ala.2004); Ex parte Breman Lake View Resort, L.P., 729 So.2d 849, 852 (Ala.1999).

Analysis

Section 6-5-440 provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
This Court has stated:
“[Section 6-5^140], by its plain language, forbids a party from prosecuting two actions for the ‘same cause’ and against the ‘same party.’ This Court has previously held that an action pending in a federal court falls within the coverage of this Code section:
“ ‘ “The phrase ‘courts of this state,’ as used in § 6-5-440, includes all federal courts located in Alabama. This Court has consistently refused to allow a person to prosecute an action in a state court while another action on the same cause and against the same parties is pending in a federal court in this State.” ’ ”
Ex parte Norfolk Southern Ry., 992 So.2d 1286, 1289 (Ala.2008) (quoting Ex parte University of South Alabama Found., 788 So.2d 161, 164 (Ala.2000), quoting in turn Weaver v. Hood, 577 So.2d 440, 442 (Ala.1991)). The application of § 6-5-440 “is guided by ‘whether a judgment in one suit would be res judicata of the other.’ ” Chiepalich v. Coale, 36 So.3d 1, 3 (Ala.2009) (quoting Sessions v. Jack Cole Co., 276 Ala. 10, 12, 158 So.2d 652, 654-55 (1963)).
“ ‘[A] “cause of action” grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act.’ Sessions [v. Jack Cole Co.], 276 Ala. [10,] 12, 158 So.2d [652,] 654 [ (1963) ].
“Plaintiffs state and federal actions arise from the same alleged fact situation. Although plaintiffs state court action was instituted on different theories of recovery, these theories are not different causes of action in the context of the rule against splitting a cause of action. A cause of action may give rise to one or more theories of recovery. It has been recognized that where a single wrong leads to an action under state law and leads to an action under federal law, there is but one wrong and one cause of action. Norman Tobacco & Candy Co. *582 v. Gillette Safety Razor Co., 295 F.2d 362 (5th Cir.1961).”
Terrell v. City of Bessemer, 406 So.2d 337, 339 (Ala.1981).
BBVA Compass and Hovis contend that although Sirote gives different labels to some claims in his complaint filed in the state court, every claim he has made in the federal district court and in the state court is based on the same allegations of wrongdoing. BBVA Compass and Hovis go on to argue that Sirote’s appeal of the dismissal of his federal-court complaint did not lessen the application of § 6-5^440, because an action is deemed pending in federal court so long as a party’s right to appeal has not yet been exhausted or expired. BBVA Compass and Hovis argue that the federal court’s decision to decline to assert supplemental jurisdiction over Si-rote’s state-law claims and to dismiss those claims without prejudice does not mean that Sirote can pursue his state-law claims in state court because if the Court of Appeals for the Eleventh Circuit reverses the judgment of the federal district court, the federal district court will again have jurisdiction over all Sirote’s claims.
Sirote does not dispute that his state-court claims arose out of the same facts as the claims that he has asserted in the federal-court action. Sirote asserts that when he properly filed his notice of appeal to the Eleventh Circuit Court of Appeals, the federal district court was divested of jurisdiction and the federal appellate court now has jurisdiction. Sirote argues that the Court of Appeals for the Eleventh Circuit is not a “court of this state” for the purposes of Alabama’s abatement statute, because, he argues, § 6-5-440 has been interpreted to govern only courts in which suits are “filed” or “prosecuted,” and not appellate courts. Sirote argues that BBVA Compass and Hovis’s argument that, if Sirote wins on appeal, the federal district court will again have jurisdiction over his state-law claims is speculative and does not place a justiciable controversy before the court. He also argues that their argument ignores the abstention doctrine.
This Court has addressed an exception to § 6-5-440. In Terrell, 406 So.2d 337, the plaintiff brought claims under 42 U.S.C. § 1983, along with common-law claims, in the federal court. The federal court declined to entertain the pendent common-law claims on the ground that the different legal principles and possible defenses involved in the federal and common-law counts would create jury confusion. The federal court retained jurisdiction over the plaintiffs claim asserted under 42 U.S.C. § 1983. The plaintiff then brought the common-law claims against the same defendant in the state court, and the defendants moved to dismiss those claims in light of § 6-5-440. The Temll Court recognized that there was one cause of action for the single wrong, even when the wrong leads to actions under both state and federal law. 406 So.2d at 339. The Court in Terrell adopted the position that if “the court in the first action would dearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would dearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be precluded.” 406 So.2d at 340 (emphasis added). Therefore, the Court carved out an exception to the rule allowing a cause of action for the same wrong against the same party to be pending in only one court at a time. Because the plaintiff could not litigate his state-law claims in the federal court, the Terrell Court held that he “should be afforded an opportunity to pursue his alleged common *583 law theories of recovery in state court.” 406 So.2d at 339.
We have also addressed abatement under § 6-5-440 when an appeal has been filed in a federal appellate court in the earlier filed federal-court action. In L.A. Draper & Son, Inc. v. Wheelabrator-Frye, Inc., 454 So.2d 506 (Ala.1984), the sole issue presented on appeal was whether the filing of an appeal in the federal appeals court of the dismissal of the plaintiffs pendent unfair-competition claim served under § 6-5-440 to abate the plaintiffs subsequent unfair-competition claim and related common-law claim brought in the state court. In L.A. Draper & Son, the plaintiff first filed an action in the federal district court, asserting that the defendants had conspired to destroy the plaintiffs business in violation of federal antitrust law and state unfair-competition laws. The federal district court had jurisdiction of the unfair-competition claim on the basis of pendent jurisdiction. At the close of the plaintiffs case, the court directed a verdict with respect to the federal antitrust claim and dismissed the pendent state-law unfair-competition claim when the defendants stipulated that they would not raise a statute-of-limitations defense (as to the time between the filing of the federal action and the dismissal of the claims) to the plaintiffs unfair-competition claim if an action was filed in the state court. The federal district court issued a final order, and subsequently the plaintiff filed an action in the state court and then appealed the federal district court’s dismissal of the state-law unfair-competition claim.
In L.A. Draper & Son, this Court discussed Terrell and noted that the Court in Terrell did not consider the issue whether the plaintiff could have sought review of the federal court’s decision not to exercise pendent jurisdiction over that plaintiffs state claims. Relying on the Terrell Court’s reasoning that the harm to which § 6-5-440 is directed is to prevent a party from having to defend against two suits in different courts at the same time brought by the same plaintiff on the same cause of action, the Court noted that Terrell was procedurally similar except that the plaintiff in Terrell did not appeal the dismissal of his common-law claims. The plaintiff in L.A. Draper & Son did; therefore, the L.A. Draper & Son Court concluded that it was not clear that the federal court would not entertain the common-law claims. Accordingly, the Court held that the filing of the appeal from the federal district court’s dismissal of the plaintiffs state-law claim served to abate the plaintiffs subsequently filed action in state court. “An action is deemed pending in federal court so long as a party’s right to appeal has not yet been exhausted or expired.” 454 So.2d at 508.
• More recently, in Ex parte J.E. Estes Wood Co., 42 So.3d 104 (Ala.2010), a railroad company filed an action in the federal court after a “controlled burn” by a timber-management company grew out of control and burned a bridge on the railroad company’s property. The railroad company alleged both federal and state-law claims. Two days later, the railroad company filed an action in the state court based on the same underlying facts and sought the same relief under the same theories as it sought in the federal action. Although a motion to dismiss the complaint in the federal court for lack of subject-matter jurisdiction was pending, the defendants moved to dismiss the state-court action pursuant to § 6-5^40. In response to the state-court motions, the railroad company asked the state court to stay the state-court action, which the state court did. The defendants then filed a petition for a writ of mandamus with this Court. While the petition was pending, *584 the federal district court dismissed the railroad company’s action, and, subsequently, the railroad company appealed the dismissal to the United States Court of Appeals for the Eleventh Circuit. At the outset, this Court stated that the dismissal of the earlier federal action did not render § 6-5-440 inapplicable during an appeal from that dismissal. It went on to hold that a stay of the state-court action is not an abatement and that a stay is not an option that can be exercised at the discretion of the court.
“[T]he principle codified by [§ 6-5-440] ‘is founded upon the policy of discouraging a multiplicity of suits — of protecting the defendant from oppression, [and] from the grievance of double vexation for the same cause or thing.’ Foster v. Napier, 73 Ala. 595, 606 (1883). ‘[W]hen a defendant is twice impleaded by the same plaintiff, for the same thing, the oppression and vexation is not matter of fact; it is a conclusion of law, and is not dependent upon an inquiry into the actual circumstances of the two cases.’ 73 Ala. at 603.”
42 So.3d at 111. In a footnote in J.E. Estes Wood, this Court stated:
“Where the plaintiffs first-filed action is in federal court seeking relief on both federal claims and state-law claims but the federal court has declined to exercise its pendent jurisdiction over the state-law claims, the plaintiff may then pursue the state-law claims in state court without violating § 6-5-440. Terrell v. City of Bessemer, 406 So.2d 337 (Ala.1981). However, the dismissal of an earlier filed federal action does not render § 6-5-440 inapplicable during the pendency of an appeal. L.A. Draper & Son, Inc. v. Wheelabrator-Frye, Inc., 454 So.2d 506 (Ala.1984).”
42 So.3d at 111 n. 1.
In the present case, the federal district court dismissed Sirote’s state-law claims without prejudice, based on its lack of supplemental jurisdiction because it had dismissed Sirote’s federal-law claims. This case is distinguishable from Ten-ell, where the dismissal of the state-law claims was based on the federal court’s discretionary authority to refuse to entertain state-law claims. The plaintiff in Terrell was no longer able to pursue his state-law claim in the federal court, and the plaintiff in Ten-ell did not seek an appeal of that decision. Accordingly, the Court created an exception to the abatement statute so that the plaintiff there could pursue his state-law claims. Here, Sirote has appealed the federal district court’s dismissal of his state-law claims.
We note that Rule 3, Fed. R.App. P., provides that a notice of appeal must be filed with the district court clerk. Rule 3(c), Fed. R.App. P., provides that the notice of appeal must designate the judgment, order, or part thereof being appealed. In the present case, Sirote’s notice of appeal in the federal court provides that he is appealing from the “order dismissing all of plaintiffs claim (his federal claims of TILA and RE SPA violations with prejudice and his state law claims without prejudice) entered in this action.” Clearly, Sirote has appealed from the dismissal of both his federal-law claims and his state-law claims. Cf. Guy v. Lexington-Fayette Urban Cnty. Gov’t, 57 Fed.Appx. 217, 223 (6th Cir.2003) (not selected for publication in the Federal Reporter) (“Although ‘the law is well settled that an appeal from a final judgment draws into question all pri- or non-final rulings and orders,’ McLaurin v. Fischer, 768 F.2d 98, 101 (6th Cir.1985), if an appellant ‘chooses to designate specific determinations in his notice of appeal— rather than simply appealing from the entire judgment — only the specified issues may be raised on appeal.’ Id. at 102; see *585 also Crawford v. Roane, 53 F.3d 750, 752 (6th Cir.1995). Therefore, where ‘a party intentionally does not appeal a part of judgment, he cannot, after the time for filing has elapsed, change his mind and appeal from that part of the judgment.’ Bach v. Coughlin, 508 F.2d 303, 307 (7th Cir.1974); see also Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 516 (6th Cir.1991) (holding that the plaintiff failed to preserve any state law contract/promissory estoppel claim for appeal where, in his notice of appeal, the plaintiff failed to raise dismissal of state law claims as matters for appeal).”).
In Tiftarea Shopper, Inc. v. Georgia Shopper, Inc., 786 F.2d 1115 (11th Cir.1986), the United States Court of Appeals for the Eleventh Circuit addressed the appeal of the dismissal of a plaintiffs federal and state-law claims. That court stated: “The district court dismissed the pendant state claims after it had dismissed the federal claim on the ground that absent the federal claim it had no subject matter jurisdiction over the state claims. Because we find that the federal claim should not have been dismissed, we must reverse on the state law claims.” 786 F.2d at 1118. Here, the result of an appellate court’s reversal in Sirote’s federal action will be the reinstatement of all of his claims.
The exception set out in Terrell applies to allow a second action on the same cause when the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground or, having jurisdiction, would clearly have declined to exercise jurisdiction as a matter of discretion. In this case, it remains unclear whether the federal district court will entertain Sirote’s state-law claims, which will be reinstated if Sirote succeeds on appeal. Therefore, the Terrell exception does not apply.
Additionally, this Court in both L.A. Draper & Son and J.E. Estes Wood held that § 6-5-440 will operate to bar a subsequent state-court action if an appeal is pending in the first-filed federal-court action. In other words, for purposes of abatement, a case is pending until it has been finally adjudged, which would include the resolution of a timely appeal.
Sirote argues that this case presents a nonjusticiable controversy because, he argues, the Eleventh Circuit Court of Appeals may not reverse the decision of the district court, and therefore he contends that the controversy is an anticipated controversy and not a justiciable one. We disagree. Sirote’s appeal from the judgment of the federal district court is pending. If the federal appeals court reverses the district court’s decision, then all Si-rote’s claims will be before the federal district court. If the federal appeals court affirms the district court’s decision, then Sirote may pursue his state-law claims. It is the pendency of the appeal that makes this controversy justiciable, and it is currently being litigated in both the federal and the state courts.
Sirote argues that if the federal appeals court reverses the decision of the federal district court and his state-law claims are pending in the state court, then the federal district court would likely decline to decide the case based on the abstention doctrine. In Ex parte Norfolk Southern Railway, 992 So.2d 1286 (Ala.2008), this Court addressed the abstention doctrine discussed in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Under the Colorado River abstention doctrine, a federal court stays an action when there is an ongoing parallel action in a state court. In Norfolk Southern, the train conductor was injured in a collision between a train he was operating and *586 a tractor-trailer truck. The conductor filed an action in the state court against the railroad company under the Federal Employment Liability Act and against the truck driver, the truck driver’s employer, and the owner of the truck, alleging negligence and wantonness. Subsequently, the railroad company filed a complaint in the federal court against the truck driver, the driver’s employer, and the owner of the truck, alleging negligence and wantonness.
In the state-court action, the truck driver, the driver’s employer, and the owner of the truck filed an answer and filed what they asserted were “cross-claims” against the railroad company, the conductor, and the train engineer. The railroad company filed a motion in the state court contending that § 6-5-440 required the trial court to dismiss the “cross-claims” because the federal-court action had been filed and took precedence over the state-court action. The truck driver, the truck owner, and the employer moved the federal court to stay the case under Colorado River. The federal court found that Colorado River required it to abstain from proceeding with the case, and it entered a stay. The state court denied the railroad company’s motion to dismiss, and the railroad company petitioned this Court for a writ of mandamus. While the petition was pending, the railroad company appealed the district court’s order entering a stay, and the federal appeals court affirmed the decision of the district court.
This Court held:
“In the instant case, the federal district court exercised its power under Colorado River to stay the action pending in that court. [The railroad company] attempted, but failed, to have the Eleventh Circuit Court of Appeals dissolve that stay. For all practical purposes, the federal district court has declined to hear [the railroad company’s] claims. If this Court were to halt the Clarke County action pursuant to § 6-5-440, then this case would present the absurd result the Terrell exception was crafted to prevent: the respondents would have no forum in which to present their claims. We thus hold that, when a federal court abstains from hearing a case under the Colorado River doctrine, that case is not considered as an action being prosecuted, for purposes of § 6-5-440.”
992 So.2d at 1291. Accordingly, we denied the petition.
In the present case, the federal district court ruled against Smote and dismissed his federal-law claims with prejudice and dismissed his state-law claims without prejudice. Sirote has appealed the decision to the Eleventh Circuit Court of Appeals. Sirote’s argument is that if the Eleventh Circuit Court of Appeals reverses the judgment of the district court then the district court would be required under the factors set out in Colorado River to stay or to dismiss the federal-court action. Sirote presents nothing to support his argument that the federal district court will be required to stay or dismiss the federal-court action following his appeal while his subsequently filed state-court action is pending, because the abstention doctrine discussed in Colorado River is discretionary. Also, we note that Sirote first filed his claims arising out of these facts in the federal court, and he has timely appealed that court’s decision to the federal appeals court. This indicates Si-rote’s desire to litigate his claims in the federal court. As discussed above, the federal district court will retain jurisdiction over Sirote’s state-law claims if the Eleventh Circuit Court of Appeals reverses its decision. To require BBVA Compass and Hovis to defend claims in the state court while also defending claims *587 arising out of the same facts in the federal court is prohibited under § 6-5-440.

Conclusion

Sirote’s pending appeal in the federal court abates his subsequently filed state-court action against BBVA Compass and Hovis arising out of the same facts. Accordingly, BBVA Compass and Hovis have shown that they have a clear legal right under § 6-5^440 to a dismissal of Sirote’s claims pending in the state court. We grant the petition and issue the writ.
PETITION GRANTED; WRIT ISSUED.
WOODALL, MURDOCK, SHAW, and MAIN, JJ., concur.