Rel: March 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

_____

## 1210337
_____

**Ex parte Cardinal Health, Inc., et al.**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: DCH Health Care Authority et al.**

**v.**

**Purdue Pharma, L.P., et al.**

**and**

**Fort Payne Hospital Corporation et al.**

**v.**

**McKesson Corporation et al.)**

**(Conecuh Circuit Court: CV-19-7 and CV-21-900016)**

PER CURIAM.

PETITION DENIED. NO OPINION.

Parker, C.J., and Wise, Bryan, Mendheim, Stewart, and Mitchell, JJ., concur.

Shaw, J., dissents.

Sellers, J., dissents, with opinion.

1210337

SELLERS, Justice (dissenting).

The petitioners, each of whom is a defendant in at least one of two consolidated actions below, are manufacturers, marketers, distributors, or dispensers of prescription opioid medications.[1] They, along with other defendants, are accused of creating a public nuisance in the form of an opioid epidemic. The Conecuh Circuit Court ("the trial court") denied the petitioners' motions to dismiss the actions pursuant to § 6-5-440, Ala. Code 1975, commonly known as Alabama's abatement statute. I respectfully dissent from the majority's refusal to issue a writ of mandamus directing the trial court to grant the motions to dismiss.

Before these actions were commenced, several Alabama counties had commenced actions involving the petitioners in federal district courts in Alabama ("the federal actions"). Like the complaints in the underlying actions, the complaints in the federal actions set out claims accusing the

---

[1]The petitioners are Cardinal Health, Inc.; Teva Pharmaceuticals USA, Inc; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc.; Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Johnson and Johnson; Janssen Pharmaceuticals, Inc; Allergan Finance, LLC; Allergen Sales, LLC; Allergen USA, Inc.; AmerisourceBergen Drug Corporation; CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; Walmart Inc.; Wal-Mart Stores East, LP; Noramco, Inc.; and McKesson Corporation.

3

petitioners and other defendants of creating a public nuisance in the form of an opioid epidemic. In the federal actions, the counties asserted that the petitioners had contributed to the opioid epidemic and had harmed the public health by improperly marketing prescription opioids and by oversupplying local communities with prescription opioids. The counties claimed responsibility for the public health, safety, and welfare of their residents and sought to abate the public-health hazard caused by the opioid epidemic and to recover expenses incurred as a result of the epidemic, including medical-care costs, addiction-treatment and welfare costs, law-enforcement costs, and judicial costs. For purposes of pretrial proceedings, the federal actions were consolidated with other similar federal cases in the United States District Court for the Northern District of Ohio.

In September 2019, after the federal actions had been commenced, numerous public health-care authorities that operate hospitals in Alabama commenced an action in the trial court, making factual allegations against opioid marketers, distributors, and suppliers substantially similar to those made by the counties in the federal actions; that action was assigned case no. CV-19-7 and named as defendants,

4

among others, each of the petitioners except McKesson Corporation (see note 1, supra). Like the counties, the health-care authorities sought to abate the alleged public nuisance caused by prescription-opioid abuse and to recover costs associated with treating opioid-related conditions. Later, in March 2021, a second substantially similar action was initiated in the trial court by more public health-care authorities; that action was assigned case no. CV-21-900016 and named as defendants, among others, each of the petitioners (see note 1, supra). The two Conecuh County actions were consolidated by the trial court. The plaintiffs in one or the other of the Conecuh County actions include, among others, the DCH Health Care Authority, the Health Care Authority of Clarke County, the Bibb County Healthcare Authority, the Dale County Health Care Authority, the Greene County Hospital Board, and the Geneva County Health Care Authority, each of whom is a respondent to the mandamus petition. These health-care authorities are intertwined with the counties in which they operate. See, e.g., § 22-21-313, Ala. Code 1975 (allowing a health-care authority to incorporate with the approval of a county); § 22-21-338, Ala. Code 1975 (authorizing counties to designate health-care authorities as agencies of counties "to acquire, construct, equip, operate

and maintain public hospital facilities" within the counties). Certificates of incorporation indicate that the board members of the health-care authorities are chosen, at least in part, by the governing bodies of the counties.

The petitioners moved to dismiss the Conecuh County actions to the extent that the claims asserted against them in those actions arose from alleged harm occurring in counties that are plaintiffs in one of the federal actions. The petitioners argued that the claims asserted against them in the Conecuh County actions are duplicative of the claims asserted against them by the counties in the federal actions and are therefore prohibited by the abatement statute. The trial court denied the motions to dismiss, and the petitioners filed their mandamus petition.

The abatement statute prohibits a plaintiff from "prosecut[ing] two actions in the courts of this state at the same time for the same cause and against the same party." § 6-5-440. For purposes of abatement, courts of this state include federal district courts in Alabama. Weaver v. Hood, 577 So. 2d 440, 442 (Ala. 1991).[2]

_____

[2]I do not find persuasive the respondents' argument that the federal actions are not subject to the abatement statute simply because they have been temporarily transferred to a multidistrict-litigation proceeding in

The federal actions and the Conecuh County actions involve the "same cause" because the claims in those actions "arose from the same underlying operative facts." Ex parte Compass Bank, 77 So. 3d 578, 581 (Ala. 2011). The plaintiffs in each action allege that the petitioners, among other defendants, harmed the public by oversupplying prescription opioids and by downplaying the risks of opioids.

Although the counties in the federal actions and the public health-care authorities in the Conecuh County actions technically are separate entities, § 6-5-440 applies as long as the plaintiffs share a sufficient "identity of interest." See Ex parte Boys & Girls Clubs of S. Alabama, Inc., 163 So. 3d 1007, 1015 (Ala. 2014) (plurality opinion). In my view, the counties in the federal actions share an identity of interest with the health-care authorities in the Conecuh County actions because each plaintiff seeks remedies for damages the opioid epidemic caused to the public in that plaintiff's respective county. The health-care authorities provide health-care services in their counties, and in the federal actions

Ohio for pretrial matters. The federal actions were commenced in Alabama, and, once pretrial proceedings are concluded, they will be transferred back to Alabama for further prosecution. See 28 U.S.C. § 1407(a).

the counties seek to recover for increased health-care costs caused by the petitioners' and others' allegedly "flooding" the counties with prescription opioids. In other words, the plaintiffs in each of the actions seek to remedy the same societal problem plaguing the same communities. As stated by the petitioners, the counties and the health-care authorities share a common mission, namely, "to promote public health in the Counties." Petition at 22.

If the petitioners' motions to dismiss filed in the Conecuh County actions are not granted, they will be forced to defend against the "same case" multiple times and will face the possibility of inconsistent rulings and double recovery, which are the very problems § 6-5-440 seeks to avoid. Accordingly, I would grant the petition for a writ of mandamus.